**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL GREENFIELD,<br><br>Plaintiff,<br><br>-against-<br><br>SILLS CUMMIS & GROSS P.C. and JOSHUA N. HOWLEY,<br><br>Defendants. | Case No. 24-CV-03384 (VSB) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
(212) 643-7000

*Attorneys for Defendants Sills Cummis & Gross P.C. and Joshua N. Howley*

*Of Counsel:*

Mitchell D. Haddad, Esq.
Randy Moonan, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 4

ARGUMENT ................................................................................................................ 6

POINT I: DEFENDANTS PROPERLY REMOVED THIS ACTION BASED ON FEDERAL QUESTION JURISDICTION ARISING FROM PLAINTIFF'S FDCPA CLAIM ................................................................................................. 6

POINT II: THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FDCPA CLAIM .............................................................................. 7

POINT III: THE *ROOKER-FELDMAN* DOCTRINE DOES NOT APPLY, AND DOES NOT PRECLUDE THIS COURT'S JURISDICTION OVER THIS ACTION ............................................................................................................ 14

POINT IV: THE ABSTENTION DOCTRINE DOES NOT REQUIRE THIS COURT TO ABSTAIN FROM EXERCISING JURISDICTION OVER THIS ACTION ............................................................................................................ 16

POINT V: THE COURT SHOULD DISREGARD ALL LEGAL ARGUMENTS CONTAINED IN PLAINTIFF'S ATTORNEY AFFIRMATION ............................. 19

CONCLUSION ........................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Baity v. Kralik*,
51 F. Supp. 3d 414 (S.D.N.Y. 2014)....................19

*Bautz v. ARS Nat'l Servs., Inc.*,
226 F. Supp. 3d 131 (E.D.N.Y. 2016) ....................8, 9, 11

*Bongiovanni v. PennyMac Corp.*,
No. 19-CV-3260 (EK) (VMS), 2021 WL 1193043 (E.D.N.Y. Mar. 30, 2021) ....................16

*Campbell v. Portfolio Recovery Assocs.*,
No. 21-CV-1322 (PKC)(RML), 2022 WL 657225 (E.D.N.Y. Mar. 4, 2022)....................12, 13

*Chandler v. NCB Mgmt. Servs., Inc.*,
528 F. Supp. 3d 92 (E.D.N.Y. 2021) ....................8, 9, 11

*Courchevel 1850 LLC v. 464 Ovington LLC*,
No. 16-CV-7185 (NGG) (RER), 2019 WL 1492347 (E.D.N.Y. Mar. 31, 2019)....................16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005)....................15

*Feldheim v. Fin. Recovery Servs., Inc.*,
257 F. Supp. 3d 361 (S.D.N.Y. 2017)....................8, 9, 11

*Green v. Mattingly*,
585 F.3d 97 (2d Cir. 2009)....................14

*Guerrero v. GC Servs. Ltd. P'ship*,
No. 15-7449 (DRH) (AKT), 2017 WL 1133358 (E.D.N.Y. Mar. 23, 2017)....................12

*In re Egri*,
68 F. App'x 249 (2d Cir. 2003) .................... 7fn. 2

*Lanza v. Client Servs., Inc.*,
No. 21-CV-06319 (LDH)(ST), 2022 WL 17787465 (E.D.N.Y. Sept. 12, 2022)....................12, 13

*Lopez v. Metro & Graham LLC*,
No. 22-CV-332 (CBA) (RER), 2022 WL 18809176 (E.D.N.Y. Dec. 16, 2022)....................19

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................11

*Marcus v. AT&T Corp.*,
138 F.3d 46 (2d Cir. 1998)....................6

*McKithen v. Brown*,
481 F.3d 89 (2d Cir. 2007)....................14

*Mochary v. Bergstein*,
42 F.4th 80 (2d Cir. 2022)....................16

*Morales v. Los Cafetales Rest. Corp.*,
No. 21-CV-1868 (AMD) (RER), 2023 WL 375647 (E.D.N.Y. Jan. 3, 2023)....................19

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....................16

*Papetti v. Does 1-25*,
691 F. App'x 24 (2d Cir. 2017)....................8, 9, 11, 12

*Parker v. Della Rocco*,
252 F.3d 663 (2d Cir. 2001).................... 7fn. 2

*Roth v. Solomon & Solomon*,
P.C., No. 17-CV-0868 (JS) (AKT), 2018 WL 718402 (E.D.N.Y. Feb. 5, 2018)....................12

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016).................... passim

*Strubel v. Comenity Bank*,
842 F.3d 181 (2d Cir. 2016)....................12

*Sung Cho v. City of N.Y.*,
910 F.3d 639 (2d Cir. 2018)....................14

*Taylor v. Fin. Recovery Servs., Inc.*,
252 F. Supp. 3d 344 (S.D.N.Y. 2017)....................8, 9, 11

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................9, 10, 11

*Vill. of Westfield v. Welch's*,
170 F.3d 116 (2d Cir. 1999)....................17, 18

*Zirogiannis v. Seterus, Inc.*,
221 F. Supp. 3d 292 (E.D.N.Y. 2016)....................8, 9, 11

**STATUTES**

15 U.S.C. § 1692e.................... passim

15 U.S.C. § 1692g....................1, 6, 12

28 U.S.C § 1331....................1, 4, 7

28 U.S.C. § 1367 ..... 7

28 U.S.C § 1441(a) ..... 6, 7

**<u>RULES</u>**

Local Rule 7.1 ..... 1, 19, 20

Defendants, Sills Cummis & Gross P.C. (“Sills Cummis”) and Joshua N. Howley, Esq. (“Howley,” together with Sills Cummis, “Defendants”), respectfully submit this Memorandum of Law in opposition to the motion of plaintiff, Joel Greenfield (“Plaintiff”), to remand this action to the state court from which Defendants removed this action.[1]

## PRELIMINARY STATEMENT

Plaintiff commenced this action by filing a Summons with Notice in the Supreme Court of the State of New York, which alleged a claim under the Federal Fair Debt Collection Practices Act (“FDCPA”). Defendants’ removal of this action to the United States District Court for the Southern District of New York – pursuant to 28 U.S.C §§ 1331 and 1441, *et. seq.* – was proper because:

- The FDCPA provides federal question jurisdiction;
- Subsequent to the removal, Plaintiff filed a Complaint that, like the Summons with Notice, asserts an FDCPA claim and specifically alleges that Defendants committed six different violations of 15 U.S.C. §§1692e and 1692g, thereby affirming this Court’s federal question jurisdiction; and
- This Court has pendent jurisdiction over the related state court claims.

Plaintiff’s remand motion should be denied both procedurally and on the merits. First, procedurally, Plaintiff violated Local Rule 7.1 by failing to submit a Memorandum of Law in support of his motion. Instead, Plaintiff submitted an attorney affirmation containing legal arguments and case citations. Courts in the Second Circuit routinely ignore legal arguments made in attorney affirmations in violation of Local Rule 7.1; this should be done here, leaving Plaintiff with no legal support for his motion.

---

[1] Plaintiffs in the other eighteen related (and removed) federal court actions against Defendants also filed motions to remand. As these actions have not been consolidated yet, Defendants will file opposition papers in each individual action.

Second, on the merits, Plaintiff fails to show any basis for remand where, as here, there is clear federal question jurisdiction. Plaintiff asserts that the Complaint alleges only "technical" FDCPA violations that do not confer Article III standing, and therefore, this Court lacks subject matter jurisdiction. Both the Summons with Notice and the Complaint, however, allege more than Defendants' mere failure to issue a statutory FDCPA notice: they assert that Defendants filed a "false" prior state court mortgage foreclosure action, and publicly filed a foreclosure complaint and a notice of pendency containing numerous "willfully false" representations regarding (i) Plaintiff's liability for a mortgage debt that Plaintiff claims it did not owe, (ii) mortgage liens on Plaintiff's condominium unit that Plaintiff claims were released, and (iii) Defendants' alleged wrongful attempt to foreclose on Plaintiff's condominium unit that Plaintiff claims it owned free and clear.

The Supreme Court has held that false communications to a third party satisfies the concrete injury requirement. Courts in the Second Circuit have held that making a false communication in attempting to collect a debt is precisely the type of concrete injury the FDCPA was intended to guard against and sufficient to confer Article III standing on a federal court. As a matter of law, this Court has subject matter jurisdiction over Plaintiff's FDCPA claims.

Plaintiff next confusingly argues that because both he and Defendants "lost" in the prior state court foreclosure action and will seek to have this Court review a state court's "judgment," the *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction. The Supreme Court has held, however, that the *Rooker-Feldman* doctrine is confined to cases brought by a state-court losing plaintiff that complains of injuries caused by a state-court judgment that was rendered before the district court action commenced and seeking district court review and rejection of the state court judgment.

Plaintiff's allegation here that Defendants "lost" in state court – besides being untrue – does not trigger the application of the *Rooker-Feldman* doctrine; a losing state court *plaintiff* is required. But here, Plaintiff did not "lose" in state court. To the contrary, his motion to dismiss the prior mortgage foreclosure court action due to lack of personal jurisdiction was *granted*. Declaration of Mitchell Haddad ("Haddad Decl."), Exhibit A. There was no judgment rendered *against* Plaintiff, and therefore, considerations of having a federal court review and reject a state court judgment are not present here. Moreover, the Complaint does not complain of injuries caused by a state court judgment because there are none. The Complaint relies exclusively on purportedly false statements in a publicly filed foreclosure complaint and a notice of pendency. The *Rooker-Feldman* doctrine is inapplicable.

Finally, Plaintiff asserts that this Court should abstain from exercising jurisdiction over this action on the basis of judicial economy. Abstention, however, is only appropriate where a parallel state court action will result in a complete and prompt resolution of the issues between the parties. There is no pending parallel state court action involving Plaintiff and Defendants.

Defendants removed the entire action to this Court. While there are pending state court actions between Defendants and various corporate condominium owners, none of these actions involve Plaintiff or an assertion of an FDCPA claim. *See* Haddad Decl. Exhibit B. Thus, any state court decisions will not result in a *complete* resolution of *all* issues between the parties here. Abstention is therefore not appropriate.

For the reasons set forth herein, Plaintiff's motion for remand should be denied.

**STATEMENT OF FACTS**

On December 13, 2023, Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, by filing the Summons with Notice. The Summons with Notice alleges that Defendants were "fully aware of the fact that Plaintiff does not owe any debt" to the plaintiff-lender in a prior state court foreclosure action (the "Prior Foreclosure Action"), and that the plaintiff-lender "had no mortgage or lien" on Plaintiff's condominium unit." ECF No. 1-1, at 2. The Summons with Notice further alleges that Defendants, as counsel of record for the foreclosing plaintiff-lender, made Plaintiff a party to the Prior Foreclosure Action and that "the foreclosure was willfully false as to Plaintiff and violated provisions of the FDCPA." *Id.*

The Summons with Notice also alleges that "Plaintiff is a consumer within the meaning of 15 USCA § 1692a[3] in that the Defendants sought to hassle Plaintiff to pay a false debt, involving Plaintiff's summer home. Defendant are [sic] debt collectors within the meaning of 15 USCA § 1692a(6) in that they regularly collect debt on behalf of third parties, including by collecting debt on promissory notes." The Summons with Notice alleges that Defendants violated the FDCPA, and Plaintiff seeks "all damages available to remedy the wrong including attorney [sic] fees." *Id.*

Because the Summons with Notice, on its face, alleges a claim under the FDCPA, on May 2, 2024, Defendants removed the state court action to this Court based on federal question jurisdiction under 28 U.S.C §§ 1331 and 1441, *et. seq.*, along with the pendant state law claims. *See* ECF No. 1. At the time of removal, Plaintiff had not completed service of process on Defendants. Out of an abundance of caution, however, Defendants agreed to remove the action and reserved their right to move to dismiss the action for lack of personal jurisdiction.

On May 10, 2024, the Court directed Plaintiff to file a Complaint in conformance with the Federal Rules of Civil Procedure. ECF No. 6. Plaintiff filed the Complaint on May 24, 2024, whose Fourth Cause of Action asserts a federal claim for violation of the FDCPA, as well as three state law claims for abuse of process, slander of title, and what appears to be violation of New York State Judiciary Law § 487. ECF No. 9.

The Complaint's FDCPA claim is based on Defendants' filing – as counsel of record for the plaintiff – of a Summons and Verified Foreclosure Complaint, dated December 13, 2022 ("Foreclosure Complaint") and a Notice of Pendency, dated December 13, 2022 ("Notice of Pendency) in the Prior Foreclosure Action captioned *Walkoff Holdings LLC v. Waverly Homes Dev. LLC, et, al.*, Index No. E2022-2493 (Sullivan Cnty.). The Complaint alleges that Defendants were "fully aware of the fact that Plaintiff does not owe any debt" to the plaintiff-lender and that the plaintiff-lender "had no mortgage or lien" on Plaintiff's condominium unit. ECF No. 9, ¶¶ 11–12.

The Complaint alleges that the Foreclosure Complaint sought to foreclose on Plaintiff's condominium unit, and that the Notice of Pendency was filed against it as well. It further alleges that "[t]he act of casting Plaintiff's title to [his condominium unit] as subject to any debt of [the plaintiff-lender] and filing a notice of pendency falsely cast Plaintiff's title as still being encumbered by a mortgage despite having previously received a release of mortgage," and that the "foreclosure followed by the notice of pendency called into doubt the validity of the release of the mortgage." ECF No. 9, ¶¶ 17–18.

Plaintiff's FDCPA claim alleges in ¶ 34 that "Plaintiff is a consumer within the meaning of 15 USCA § 1692a[3] in that the Defendants hassled Plaintiff to pay a debt that was not owed by Plaintiff." The Complaint alleges at ¶ 35 that "Defendants are debt collectors within the

meaning of 15 USCA § 1692a(6) in that they regularly collect debt on behalf of third parties, including by collecting debt on promissory notes, and pursue creditor's rights in its debt collection practice." The Complaint asserts six FDCPA violations:

- Defendants failed to provide the initial communication notice, in violation of 15 U.S.C. §1692g(a) (Complaint, ¶ 36);
- Defendants deliberately omitted the required validation notice to prevent Plaintiff from disputing the debt, in violation of 15 U.S.C. §1692g(b) (*Id.* ¶ 37);
- The communications in the publicly filed Foreclosure Complaint and the Notice of Pendency were "materially false" and "misrepresent[ed] the legal status of the debt because at all relevant times, Plaintiff was duly released from any obligation to the mortgage," and the "false communication . . . misled the consumer into thinking that the consumer is now obligated to pay a debt that had nothing to do with Plaintiff," in violation of 15 U.S.C. §1692e(a)(2) (*Id.* ¶ 38);
- The Prior Foreclosure Action "attempted to collect a debt from Plaintiff that is in fact not due at all," and Defendants falsely represented in the publicly filed Foreclosure Complaint and the Notice of Pendency that "nonpayment of the mortgage sought in the foreclosure will result in the Plaintiff losing its title to [his condominium unit] by the foreclosure," in violation of 15 U.S.C §1692e(4) (*Id.* ¶ 39);
- Defendants falsely represented that "the legal status of the mortgage on certain units within the Waverly Development are enforceable against Plaintiff despite Real Property Law 339-i," in violation of 15 U.S.C §1692e(2)(A) (*Id.* ¶ 40); and
- Defendants threatened "to take the action of subjecting Plaintiff foreclosure [sic], which cannot legally be taken, since Plaintiff did not owe any debt [to the plaintiff-lender]," or "to take action of subjecting Plaintiff foreclosure [sic], which Defendants did not intend to take," in violation of 15 U.S.C §1692e(5) (*Id.* ¶ 40).

## ARGUMENT

## POINT I

## DEFENDANTS PROPERLY REMOVED THIS ACTION BASED ON FEDERAL QUESTION JURISDICTION ARISING FROM PLAINTIFF'S FDCPA CLAIM

28 U.S.C §1441(a) provides that any "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" by a defendant. *See also Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) ("Any action that

was originally filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court. 28 U.S.C. § 1441(a)"). Pursuant to Section 1331, "[d]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's Summons with Notice alleges an FDCPA claim. *See* ECF No. 1-1, at 2. The Complaint's Fourth Cause of Action asserts an FDCPA claim and alleges that Defendants engaged in six different violations of the FDCPA. *See* ECF No. 9, ¶¶ 36–41. An action under the FDCPA undoubtedly arises under the laws of the United States. *See generally* 15 U.S.C. § 1692, *et seq*. Accordingly, federal question jurisdiction over Plaintiff's FDCPA claim is apparent from the face of both the Summons with Notice and the Complaint, and therefore removal was proper.[2]

## POINT II

## THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FDCPA CLAIM

Plaintiff argues that this Court lacks subject matter jurisdiction because the Complaint only alleges "technical violations under the FDCPA" and that, even if a federal question exists, "removal is without subject matter jurisdiction, since there is no federal standing under Article

---

[2] The Court may properly exercise supplemental jurisdiction over the pendant state law claims. 28 U.S.C. § 1367 states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's state law claims arise out of the exact same facts as his FDCPA claim (the filing of the Prior Foreclosure Action, the Foreclosure Complaint and the Notice of Pendency). *See* ECF No. 9, ¶¶ 6–41. Because no novel or complex issues of state law exist and the state law claims do not substantially predominate over the FDCPA claim, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. *See In re Egri*, 68 F. App'x 249, 255 (2d Cir. 2003) ("Given this independent jurisdictional basis for removing the action, the district court had authority to exercise supplemental jurisdiction over pendant state law claims."); *Parker v. Della Rocco*, 252 F.3d 663, 665-66 (2d Cir. 2001) ("Because the district court properly exercised removal jurisdiction over the claims against HUD, these claims provided the basis for supplemental jurisdiction over the other claims, which were plainly part of the same controversy.").

III." *See* Affirmation in Support of Remand of Levi Huebner, Esq., dated May 17, 2024 ("Huebner Aff."), ¶ 24. The Complaint's FDCPA claim, however, does not allege mere "technical" violations of the statute; it alleges a concrete harm and injury based on Defendants' commencement of the Prior Foreclosure Action and public electronic filings of the Foreclosure Complaint and Notice of Pendency that purportedly contain false and misleading statements in violation of 15 U.S.C. § 1692e.

"[M]aking a false statement in connection with an attempt to collect a debt is sufficient harm for standing purposes. In other words, a plaintiff who receives such a misrepresentation 'has suffered injury in precisely the form [§] 1692e of the FDCPA was intended to guard against.'" *Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 370 (S.D.N.Y. 2017) (bracket in original); *see also Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017) "[T]here can be no dispute that Sections 1692e and g of the FDCPA 'protect an individual's concrete interests.' The purpose of the FDCPA is, among other things, to protect debtors from 'abusive debt collection practices by debt collectors. . . . Thus, the FDCPA violations alleged by Papetti, taken as true, 'entail the concrete injury necessary for standing.'"); *Chandler v. NCB Mgmt. Servs., Inc.*, 528 F. Supp. 3d 92, 98 (E.D.N.Y. 2021); *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 349 (S.D.N.Y. 2017) ("Since the Supreme Court's decision in *Spokeo*, courts within and outside this Circuit have consistently held that a violation of 15 U.S.C. § 1692e can give rise to an injury in fact."); *Bautz v. ARS Nat'l Servs., Inc.*, 226 F. Supp. 3d 131, 143 (E.D.N.Y. 2016) ("[M]aking a false statement in connection with an attempt to collect a debt is sufficient harm for standing purposes. In other words, a plaintiff who receives such a misrepresentation 'has suffered injury in precisely the form [Section 1692e of the FDCPA] was intended to guard against.'"); *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 300–01

(E.D.N.Y. 2016) ("Plaintiff's allegations that the Collection Letter failed to accurately state the amount of his debt are sufficient to establish an injury that is both particular and concrete.").

The Complaint alleges that Defendants publicly filed the Foreclosure Complaint and the Notice of Pendency that (1) falsely misrepresented the legal status of a debt that Plaintiff claims it does not owe, (2) falsely misrepresented that nonpayment of the mortgage that was the subject of the Prior Foreclosure Action would result in Plaintiff losing title to his condominium unit, (3) falsely misrepresented that the lien of the mortgage that was the subject of the Prior Foreclosure Action was enforceable against Plaintiff's condominium unit, and (4) threatened to take action of foreclosing on Plaintiff's condominium unit that either they legally could not do or did not intend to do. ECF No. 9, ¶¶ 38-41. Plaintiff's allegations of Defendants' allegedly "willfully false" foreclosure proceeding and filings, commencement of the Prior Foreclosure Action to foreclose on his condominium unit, and to collect a debt that Plaintiff claims is not due, constitute concrete actions and injuries for the purposes of the FDCPA sufficient to confer Article III standing and subject matter jurisdiction on this Court. *See Papetti*, 691 F. App'x at 26; *Feldheim*, 257 F. Supp. 3d at 370; *Chandler*, 528 F. Supp. 3d at 98; *Taylor*, 252 F. Supp. 3d at 349; *Bautz*, 226 F. Supp. 3d at 143; *Zirogiannis*, 221 F. Supp. 3d at 300–01.

Plaintiff ignores his own allegations and claims, and the damages Plaintiff seeks to recover as a result thereof, and instead myopically focuses only on the first two its six alleged FDCPA violations (Defendants' alleged failure to provide the "initial communication notice" and a "validation notice" to deprive Plaintiff of an ability to contest the debt). Relying on *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) and *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), Plaintiff argues that the Complaint only pleads "technical violations under the FDCPA,"

Defendants fail to "allege any actual injury, " and Plaintiff's claims is insufficient to confer Article III standing on this Court. Huebner Aff., ¶¶ 24, 26.

Defendants, however, properly removed this action on the basis of the federal FDCPA claim asserted on the face of the Summons with Notice. Plaintiff cannot ignore the fact that his Summons with Notice alleges an FDCPA claim, and that four of the six FDCPA "violations" alleged in the Complaint are based on purported overt conduct and "false" representations to third parties. Moreover, both *TransUnion* and *Spokeo* actually support this Court's Article III jurisdiction even though they involved the Fair Credit Reporting Act ("FCRA") – not the FDCPA – and did not deal with removal or remand issues.

*TransUnion* concerned a class action against a credit reporting company that compiled credit reports and lists, one of which concerned a list of individuals that appeared on a government watchdog list of terrorists, drug traffickers, etc. The plaintiffs alleged that the credit reporting company did nothing to ensure that the person on its list was the same person on the government's list. The Supreme Court held that those class members whose names were on lists disseminated by the credit reporting company to third parties "suffered a harm with a 'close relationship' to the harm associated with the tort of defamation," and therefore "suffered a concrete harm that qualifies as an injury in fact." *See TransUnion LLC*, 594 U.S. at 432. The remaining class members – for which the credit reporting company had not disseminated its lists to third parties – lacked Article III standing because they had only potential future harm. *Id.* at 433–35.

Similar to class members whose information was disseminated to third parties in *TransUnion* and in stark contrast to the other class members whose information was not publicly disseminated, the Complaint here specifically alleges that Defendants publicly filed and

disseminated false and misleading statements for which Plaintiff has asserted a claim akin to defamation – slander of title – and seeks damages. Under *TransUnion*, a concrete injury has been alleged for Article III purposes.

In *Spokeo*, the plaintiff alleged violations of FCRA provisions that require consumer reporting agencies to "'follow reasonable procedures to assure maximum possible accuracy of' consumer reports." *Spokeo Inc.*, 578 U.S. at 335. The Supreme Court held that "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The *Spokeo* plaintiff did not plead a concrete particularized injury resulting from the alleged violations of the statutory provisions, and the Supreme Court remanded the case to the Ninth Circuit (which had not considered this issue) for further proceedings.

In this case, Plaintiff has alleged that the Foreclosure Complaint and Notice of Pendency in the Prior Foreclosure Action, disseminated to the public, purportedly contained false and misleading statements in violation of 15 U.S.C. § 1692e. Allegations that Defendants made false statements in its attempt to collect a debt is precisely the type of concrete injury the FDCPA was intended to guard against, and sufficient to confer Article III standing on a federal court. *See Papetti*, 691 F. App'x at 26; *Feldheim*, 257 F. Supp. 3d at 370; *Chandler*, 528 F. Supp. 3d at 98; *Taylor*, 252 F. Supp. 3d at 349; *Bautz*, 226 F. Supp. 3d at 143; *Zirogiannis*, 221 F. Supp. 3d at 300-01.

Plaintiff's two alleged procedural violations of the FDCPA, based on Defendants' failure to give the initial communication notice and the validation notice, also are sufficient for Article III purposes. "[T]o determine whether a procedural violation manifests injury in fact, a court

properly considers whether Congress conferred the procedural right in order to protect an individual's concrete interests." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016).

The Second Circuit has determined that in fact "Sections 1692e and g of the FDCPA 'protect an individual's concrete interests.'" *Papetti*, 691 F. App'x at 26. The Court explained that the purpose of the FDCPA, among other things, is to protect debtors from abusive debt collection practices and that § 1692g furthers this purpose by requiring a debt collector to provide a detailed validation notice "which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Id.* In short, Plaintiff's allegations that Defendants violated 15 U.S.C. §1692g "entail the concrete injury necessary for standing." *Id.*; *Guerrero v. GC Servs. Ltd. P'ship*, No. 15-7449 (DRH) (AKT), 2017 WL 1133358, at *10 (E.D.N.Y. Mar. 23, 2017) ("[T]he majority of post-*Spokeo* decisions which have analyzed standing within the context of the FDCPA have determined that, unlike the FCRA section at issue in *Spokeo*, which contains only procedural requirements, the FDCPA creates a substantive right, the violation of which would itself give rise to a concrete injury."); *Roth v. Solomon & Solomon*, P.C., No. 17-CV-0868 (JS) (AKT), 2018 WL 718402, at *3 (E.D.N.Y. Feb. 5, 2018) ("According to the Second Circuit, Sections 1692e and 1692g of the FDCPA—the provisions that Plaintiff alleges Defendant violated here—'protect an individual's concrete interests' and their alleged violation fulfills Article III's injury-in-fact requirement.").

Plaintiff's reliance on the non-binding decision in *Lanza v. Client Servs., Inc.*, No. 21-CV-06319 (LDH)(ST), 2022 WL 17787465 (E.D.N.Y. Sept. 12, 2022) and *Campbell v. Portfolio Recovery Assocs.*, No. 21-CV-1322 (PKC)(RML), 2022 WL 657225 (E.D.N.Y. Mar. 4, 2022) does not warrant a different outcome and, in fact, favors a denial of Plaintiff's motion for remand. In *Lanza*, the court held that a debt-collection letter prepared by a third-party vendor on

defendant's behalf and sent to the plaintiff, which allegedly caused confusion and uncertainty about her rights, "reflect[ed] only hypothetical, speculative concerns." *Lanza*, 2022 WL 17787465, at *5. The court further explained that "Plaintiff does not allege that Defendant made false representations in their Letter, which could arguably confer Article III standing." *Id.* Unlike *Lanza*, Plaintiff here has alleged that Defendants made numerous false statements that were publicly disseminated in an attempt to collect a debt that was not owed, slandered Plaintiff's title, and sought to foreclose on Plaintiff's condominium "which cannot be legally taken" or "which Defendants did not intend to take." *See* ECF No. 9, ¶¶ 38-41.

In *Campbell*, the court held that two letters sent to plaintiff by defendants was insufficient to confer standing under the FDCPA because plaintiff's allegation that he was "attempting to get financing" and was "negatively impacted" – without an allegation that "such damage resulted in a materialized injury, or a sufficiently imminent and substantial risk of injury" – did not constitute a concrete injury. *Campbell*, 2022 WL 657225, at *1. The court further noted, however, that distribution of the letter to a third party would have constituted a concrete injury. *Id.* at *2. But Plaintiff here alleges that Defendants made false representations in the Foreclosure Complaint and the Notice of Pendency in public filings that caused him to sustain damages. Plaintiff's allegations that Defendants violated various provisions of 15 U.S.C. §§ 1692e and 1692g of the FDCPA are sufficient to establish a concrete and particularized injury and provide this Court with subject matter jurisdiction over Plaintiff's claims.[3]

---

[3] While Defendants do not believe that remand is appropriate, if the Court were to remand for lack of a concrete injury, then it is possible (and likely) that Plaintiff would seek to amend its FDCPA claims to allege different facts or violations and seek significant damages. Any remand order should be conditioned on Plaintiff stipulating, or representing in open court, that Plaintiff has not suffered a cognizable injury in connection with his FDCPA claim.

## POINT III

## THE *ROOKER-FELDMAN* DOCTRINE DOES NOT APPLY, AND DOES NOT PRECLUDE THIS COURT'S JURISDICTION OVER THIS ACTION

Plaintiff argues that the *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction because both Plaintiff and Defendants are state court "losers" and this Court would be required to review and potentially contravene a state court "judgment." Huebner Aff., ¶¶ 28-31. The *Rooker-Feldman* doctrine, however, has no application to this case, and Plaintiff's argument is belied by documentary evidence.

The *Rooker-Feldman* doctrine is based on the policy that federal courts should not collaterally review state court judgments, and applies where "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho v. City of N.Y.*, 910 F.3d 639, 645 (2d Cir. 2018); *Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009) ("[T]he *Rooker–Feldman* doctrine does not bar jurisdiction in this action because plaintiff's claims do not meet at least two of the *Rooker–Feldman* requirements: plaintiff did not lose in state court and plaintiff does not 'invite district court review and rejection' of a state court judgment"); *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) ("[F]ederal plaintiffs are not subject to the *Rooker–Feldman* bar unless they *complain of an injury* caused by a state judgment.") (emphasis in original). As stated by the Supreme Court: "[t]he *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff cannot satisfy any of the elements of the *Rooker-Feldman* doctrine. First, he did not "lose" in the Prior Foreclosure Action. To the contrary, Plaintiff's motion to dismiss for lack of personal jurisdiction was *granted*, and Plaintiff was *dismissed* as party from the Prior Foreclosure Action on June 23, 2023. *See* Haddad Decl., Exhibit A. Plaintiff's allegation that he "lost" because "the sanction for attorney fees were limited to $2,500" is flatly contradicted by the state court's sanction Order entered almost four months *after* Plaintiff had been dismissed as a party to that action. The Order shows that Plaintiff neither moved for nor was awarded sanctions by the state court – $2,500 in sanctions was awarded in favor of certain named corporate defendants in the Prior Foreclosure Action. *See* Huebner Aff., Exhibit A. Any allegations that Defendants were "losers" in state court (Huebner Aff., ¶¶ 28-29), despite being completely false, are irrelevant under the *Rooker-Feldman* doctrine.

Second, there was no judgment entered against Plaintiff in the state court. Plaintiff's *Rooker-Feldman* doctrine argument is based on a state court Order involving different parties. Plaintiff therefore cannot complain of an injury arising from a state court judgment.

Finally, because there was no state court judgment, Plaintiff cannot meet the third and fourth prongs of the *Rooker-Feldman* doctrine (plaintiff must invite district court review and rejection of state court judgment, and judgment must have been rendered before the district court proceedings commenced.) In sum, the *Rooker-Feldman* doctrine has no applicability to this case.

## POINT IV

## THE ABSTENTION DOCTRINE DOES NOT REQUIRE THIS COURT TO ABSTAIN FROM EXERCISING JURISDICTION OVER THIS ACTION

Plaintiff asserts that considerations of judicial economy require this Court to abstain from exercising jurisdiction over this action. Huebner Aff., ¶¶ 33–37. However, "[a]bstaining from exercising federal jurisdiction 'is the exception, not the rule.' Where a federal court has subject matter jurisdiction, it has a 'virtually unflagging obligation to exercise that jurisdiction,' even if an action concerning the same matter is pending in state court." *Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. 2022). There is no parallel state court action here. Defendants removed the entire action to this Court and there is no case remaining in state court in which Plaintiff is a party.

Even if there was a parallel state court action in which Plaintiff and Defendants were parties, abstention is only appropriate where the parallel state court action would result in a *complete* resolution of the issues between the parties. As the Supreme Court explained, "[w]hen a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983); *see also Bongiovanni v. PennyMac Corp.*, No. 19-CV-3260 (EK) (VMS), 2021 WL 1193043, at *4 (E.D.N.Y. Mar. 30, 2021) ("Because at least two of Plaintiff's federal claims (his FDCPA and RESPA claims) find no analogue in the state action, I decline to abstain under the *Colorado River* doctrine."); *Courchevel 1850 LLC v. 464*

*Ovington LLC*, No. 16-CV-7185 (NGG) (RER), 2019 WL 1492347, at *4 (E.D.N.Y. Mar. 31, 2019) ("Because the single claim at issue here will not be addressed by the State Proceeding, the cases are not parallel. Abstention is therefore inappropriate, and the court need not address the six Colorado River factors.").

Defendants removed this action to this Court. There is no pending parallel state court action between the parties. The state court actions to which the Huebner Aff. refers are nine separate actions, involving nine different corporate plaintiffs that have not been consolidated, and in which Defendants already filed motions to dismiss and for sanctions against the state court plaintiffs and their counsel. Moreover, this action includes an FDCPA claim, which is not present in any of the state court actions. *See* Haddad Decl., Exhibit B. Any decisions in those actions will therefore not result in a *complete* resolution of all issues between the parties here. Therefore, abstention is not appropriate.

Moreover, none of the six factors listed in ¶ 35 of the Huebner Aff. favor abstention and remand. *First*, this is not an "in rem" action involving property. The Second Circuit has held that "the absence of a res 'points toward exercise of federal jurisdiction.'" *Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999).

*Second*, the federal forum is just as convenient as the state court. In fact, the state and federal courthouses are directly next to each other. Where the federal court is "'just as convenient' as the state court, that factor favors retention of the case in federal court." *Id.*

*Third*, as explained above, resolution of the state court actions to which Plaintiff is not a party and no FDCPA claim has been interposed will not result in a complete resolution of all issues between the parties. With respect to the state law claims in this action and the state court

actions, the "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Id*. at 123.

*Fourth*, while the state court actions were filed simultaneously with this action, the Second Circuit explained that this factor "does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms of how much progress has been made in the two actions.'" *Id.* at 122. Here, the federal and state actions involve different parties and are at similar procedural postures. Defendants have moved to consolidate the related federal actions with this action. No motion has been made to consolidate the eight state court actions. Further, while Defendants moved to dismiss each of the state court actions on May 28, 2024, their time to move to dismiss the Complaint in this action expires on June 7, 2024. The litigations have relatively the same procedural postures. Since the state courts actions are not more procedurally advanced than this action, this factor weighs in favor of the Court retaining jurisdiction.

*Fifth*, while the state court claims will be based on state law, Plaintiff's FDCPA claim is based on federal law. A federal court has expertise over and a duty to hear federal claims.

*Sixth,* "[i]n analyzing the sixth factor in the special circumstances test, federal courts are to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Id*,124. The state court actions are not an adequate vehicle for a complete resolution of the issues because Plaintiff is not a party to any of those actions. Even if he was, however, this action contains an FDCPA claim not present in the state court actions. This weighs against abstention.

Accordingly, the Court should retain jurisdiction over Plaintiff's claims as there is no "exceptional circumstances that justify the surrender of federal court jurisdiction." *Id.*

## POINT V

## THE COURT SHOULD DISREGARD ALL LEGAL ARGUMENTS CONTAINED IN PLAINTIFF'S ATTORNEY AFFIRMATION

Even if the Court overlooks the legal deficiencies in Plaintiff's motion to remand, the Court should disregard all legal arguments found in Plaintiff's Affirmation in Support of Remand. Local Rule 7.1 provides that, among other things, all motions "shall include" a memorandum of law "setting forth the cases and other authorities relied upon in support of the motion." Courts in the Second Circuit routinely ignore legal arguments made in attorney affirmations as violative of the mandate in Local Rule 7.1. *See*, *e.g.*, *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD) (RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023) ("[T]he attorney declaration submitted on behalf of Plaintiff's Motion does not take the place of the memorandum of law required by Local Rule 7.1. Accordingly, Plaintiff's failure to include a memorandum of law weighs in favor of denying Plaintiff's Motion."); *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA) (RER), 2022 WL 18809176, at *3 and *4 (E.D.N.Y. Dec. 16, 2022) (refusing to consider "legal arguments contained in declarations" where plaintiff's motion "violates Local Civil Rule 7.1 as it contains no memorandum of law" and stating that "[p]laintiff's failure to include a memorandum of law weighs in favor of denying Plaintiff's Motion for Default Judgment."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (denying plaintiff's motion and noting that "unlike the usual attorney affirmations, which merely attach copies of documents alleged to be relevant and admissible and identify those documents for the Court, Plaintiff's counsel submitted an affirmation that includes arguments and factual assertions" and refusing to consider "improper assertions and arguments contained in the affirmation, or the exhibits to the affirmation containing inadmissible evidence.").

Plaintiff's motion to remand is supported solely by an attorney affirmation containing legal arguments and case citations. ECF No. 10-1. Plaintiff failed to submit a memorandum of law as required by Local Rule 7.1. As a result, the Court should disregard all legal arguments made in the attorney affirmation and then deny Plaintiff's motion for remand due to legal insufficiency.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Remand, and that it grants Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 31, 2024

**SILLS CUMMIS & GROSS P.C.**

*/s/ Mitchell D. Haddad*
Mitchell D. Haddad, Esq.
Randy Moonan, Esq.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone: (212) 643-7000
Facsimile: (212) 643-6500
mhaddad@sillscummis.com
rmoonan@sillscummis.com

*Attorneys for Defendants*
*Sills Cummis & Gross P.C. and Joshua N. Howley*