UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL GREENFIELD,<br><br>Plaintiff,<br><br>-against-<br><br>SILLS CUMMIS & GROSS P.C. and JOSHUA N. HOWLEY,<br><br>Defendants. | Case No. 24-CV-03384 (VSB)<br><br>**Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND FOR SANCTIONS**

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
(212) 643-7000

*Attorneys for Defendants Sills Cummis & Gross P.C. and Joshua N. Howley*

*Of Counsel:*

Mitchell D. Haddad, Esq.
Randy Moonan, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....... 1

STATEMENT OF FACTS ....... 4

I. UNDERLYING LOAN TRANSACTION ....... 4

II. PRIOR FORECLOSURE ACTION ....... 5

III. THIS ACTION ....... 6

IV. SERVICE OF PROCESS ....... 6

ARGUMENT ....... 7

THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ....... 7

A. Service on Howley was Defective ....... 7

B. Service of Process on Sills Cummis was Defective ....... 8

PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS (COUNT ONE) ....... 9

A. Plaintiff’s Abuse of Process Claim is Barred by the Statute of Limitations ....... 9

B. Plaintiff’s Abuse of Process Claim Fails to State A Cause of Action ....... 10

1 The Complaint Fails to Allege Facts Showing That the Notice of Pendency Was Abused After Its Filing ....... 10

2 The Complaint Fails to Allege Facts Showing That Defendants Acted With Intent to Cause Harm ....... 11

3 The Complaint Fails to Plead Any Damages Caused by Sills Cummis’ Filing of the Notice of Pendency ....... 12

PLAINTIFF FAILS TO STATE A CLAIM FOR SLANDER OF TITLE (COUNT TWO) ....... 12

A. The Filing of the Notice of Pendency Cannot Give Rise to a Claim for Slander of Title ....... 12

B. The Foreclosure Complaint and the Notice of Pendency do not Cast Doubt on the Validity of Plaintiff’s Title to His Condominium Unit ....... 13

C. Plaintiff Fails to Allege Facts Showing That Defendants Acted With Malice ....... 13

D. Plaintiff Fails to Allege That it Suffered any Special Damages Resulting From Defendants’ Alleged False Statements ....... 14

PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF JUDICIARY LAW § 487 (COUNT THREE) ....... 15

PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA (COUNT IV) .....17

A. The FDCPA Does not Apply to Claims That Arise From Commercial Debt .....17

B. Plaintiff Fails to Allege he is a "Consumer" Under the FDCPA who has Been the Object of an Attempt to Collect a Debt .....18

C. Plaintiff Fails to Allege That Defendants are "Debt Collectors" Under the FDCPA .....19

D. Plaintiff Fails to Allege That Defendants Engaged in any acts or Omissions in Violation of the FDCPA .....20

1 Plaintiff Fails to State a Violation of 15 U.S.C. § 1692g(a) .....20

2 Plaintiff Fails to State a Violation of 15 U.S.C. § 1692g(b) .....22

3 Plaintiff Fails to Allege Facts Showing That Defendants Engaged in False or Misleading Representations in Violation of 15 U.S.C. §1692e .....22

THE COURT SHOULD SANCTION PLAINTIFF AND HIS ATTORNEY .....23

CONCLUSION .....25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*35-45 May Assocs. v. Mayloc Assocs.*,
162 A.D.2d 389 (1st Dep't 1990) ....................12

*Allen v. United Student Aid Funds, Inc.*,
No. 17-CV-8192 (VSB), 2018 WL 4680023 (S.D.N.Y. Sept. 28, 2018) ....................20

*Artzt v. Greenburger*,
161 A.D.2d 389 (1st Dep't 1990) ....................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................7

*Behrens v. City of Buffalo*,
217 A.D.3d 1589 (4th Dep't 2023) ....................9

*Bibbo v. 31-30, LLC*,
105 A.D.3d 791 (2d Dep't 2013) ....................14

*Bittner v. Cummings*,
188 A.D.2d 504 (2d Dep't 1992) ....................9

*Campbell v. Bank of N.Y. Mellon Tr. Co.*,
No. 11-CIV-1588 (CS)(PED), 2012 WL 2952852 (S.D.N.Y. May 8, 2012) ....................20

*Carlin v. Davidson Fink LLP*,
852 F.3d 207 (2d Cir. 2017) ....................21

*Carnival Co. v. Metro-Goldwyn-Mayer, Inc.*,
23 A.D.2d 75 (1st Dep't 1965) ....................13

*Casa de Meadows Inc. (Cayman Islands) v. Zaman*,
76 A.D.3d 917 (1st Dep't 2010) ....................12

*Collision Plan Unlimited, Inc. v. Bankers Tr. Co.*,
63 N.Y.2d 827 (1984) ....................14

*Connaughton v. Chipotle Mexican Grill, Inc.*,
29 N.Y.3d 137 (2017) ....................14

*Curiano v. Suozzi*,
63 N.Y.2d 113 (1984) ....................9, 10, 11

*Davis v. J.P. Morgan Chase Bank*,
No. 14-CV-6263 (KMK), 2016 WL 1267800 (S.D.N.Y. Mar. 30, 2016) ....20

*Facebook, Inc. v. DLA Piper LLP (US)*,
134 A.D.3d 610 (1st Dep't 2015) ....15, 16

*Fink v. Shawangunk Conservancy, Inc.*,
15 A.D.3d 754 (3d Dep't 2005) ....12, 13

*Goldblatt v. 112 Duffy Ave. Corp.*,
186 A.D.2d 718 (2d Dep't 1992) ....10

*Greco v. Christoffersen*,
70 A.D.3d 769 (2d Dep't 2010) ....11

*Gumarova v. L. Offs. of Paul A. Boronow, P.C.*,
129 A.D.3d 911 (2d Dep't 2015) ....15, 16

*Haruvi v. Hungerford*,
2024 N.Y. Slip Op. 50032(U), 2024 WL 159582 (Sup. Ct. N.Y. Cnty. 2024) ....12

*Huebner v. Midland Credit Mgmt., Inc.*,
897 F.3d 42 (2d Cir. 2018) ....23, 24

*Jacobson v. Healthcare Fin. Servs., Inc.*,
516 F.3d 85 (2d Cir. 2008) ....22

*Johnson-Gellineau v. Stiene & Assocs., P.C.*,
837 F. App'x 8, 12 (2d Cir. 2020) ....21

*Kamen v. Steven J. Baum, P.C.*,
659 F. Supp. 2d 402 (E.D.N.Y. 2009) ....21

*Key Bank of N. New York v. Lake Placid Co.*,
103 A.D.2d 19 (3d Dep't 1984) ....9

*In re Khan*,
488 B.R. 515, 535 (Bankr. E.D.N.Y. 2013) ....24

*Lachi v. GE Cap. Bank*,
993 F. Supp. 2d 1228 (S.D. Cal. 2014) ....19

*Lateral Recovery, LLC v. Cap. Merch. Servs.*,
632 F. Supp. 3d 402 (S.D.N.Y. 2022) ....5, 6

*Modulars by Design, Inc. v. DBJ Dev. Corp.*,
174 A.D.2d 885 (3d Dep't 1991) ....13

*Munoz v. Reyes*,
40 A.D.3d 1059 (2d Dep't 2007) ....................8

*Ogbon v. Beneficial Credit Servs., Inc.*,
No. 10-CV-03760 (GBD), 2011 WL 347222 (S.D.N.Y. Feb. 1, 2011) ....................20

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*,
170 F.R.D. 361 (S.D.N.Y. 1997) ....................18, 19

*Panish v. Steinberg*,
32 A.D.3d 383 (2d Dep't 2006) ....................10

*Paushok v. Ganbold*,
No. 21-964-CV, 2022 WL 1421844 (2d Cir. May 5, 2022) ....................17

*Pelc v. Berg*,
68 A.D.3d 1672 (4th Dep't 2009) ....................13

*PH Int'l Trading Corp. v. Nordstrom, Inc.*,
No. 07-CV-10680 (KMK), 2009 WL 859084 (S.D.N.Y. Mar. 31, 2009) ....................8

*Props. Hacker, LLC v. City of N.Y.*,
189 A.D.3d 589 (1st Dep't 2020) ....................13

*Purzak v. Long Island Hous. Servs.*,
149 A.D.3d 989 (2d Dept 2017) ....................8

*Rosenbaum v. City of N.Y.*,
8 N.Y.3d 1 (2006) ....................14

*Roth v. State Univ. of N.Y.*,
61 A.D.3d 476 (1st Dep't 2009) ....................10

*Saporito v. Branda*,
213 A.D.3d 588 (1st Dep't 2023) ....................15, 16

*Scalisi v. Fund Asset Mgmt., L.P.*,
380 F.3d 133 (2d Cir. 2004) ....................18, 19

*Scaringi v. Elizabeth Broome Realty Corp.*,
191 A.D.2d 223 (1st Dep't 1993) ....................10

*Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*,
638 F. App'x 100 (2d Cir. 2016) ....................17

*Schilt v. Matherson*,
104 A.D.3d 668 (2d Dep't 2013) ....................10

*Sciocchetti v. Molinsek*,
223 A.D.3d 1046 (3d Dep't 2024) .......... 16

*In re Scott*,
572 B.R. 492 (Bankr. S.D.N.Y. 2017) .......... 18

*Shawe v. Elting*,
161 A.D.3d 585 (1st Dep't 2018) .......... 15, 16

*Sierra v. Foster & Garbus*,
48 F. Supp. 2d 393 (S.D.N.Y. 1999) .......... 24

*Silberman v. Flaum*,
225 A.D.2d 985 (3d Dep't 1996) .......... 12

*Sopher v. Martin*,
243 A.D.2d 459 (2d Dep't 1997) .......... 12

*Spira v. J.P. Morgan Chase*,
No. 09CV8412 GBD, 2010 WL 3910290 (S.D.N.Y. Sept. 29, 2010) .......... 17

*Strumwasser v. Zeiderman*,
102 A.D.3d 630 (1st Dep't 2013) .......... 15, 16

*SUEZ Water N.Y. Inc. v. E.I. du Pont de Nemours & Co.*,
578 F. Supp. 3d 511 (S.D.N.Y. 2022) .......... 7

*Ticketmaster Corp. v. Lidsky*,
245 A.D.2d 142 (1st Dep't 1997) .......... 15

*Weber v. Comput. Credit, Inc.*,
259 F.R.D. 33 (E.D.N.Y. 2009) .......... 22

*Wilkins v. Specialized Loan Serv., LLC*,
623 F. Supp. 3d 264 (S.D.N.Y. 2022) .......... 17

*Wimberly v. Stern*,
No. 22-CV-7581 (VSB), 2023 WL 6466465 (S.D.N.Y. Oct. 4, 2023) .......... 21

*Zanett Lombardier, Ltd. v. Maslow*,
29 A.D.3d 495 (1st Dep't 2006) .......... 11

**Federal Statutes and Rules**

15 U.S.C. § 1692a .......... 17, 19

15 U.S.C. § 1692e .......... 4, 22

15 U.S.C § 1692g .......... 4, 20, 21, 22

15 U.S.C. §1692k ........................................ 1, 23, 24

28 U.S.C. §1927 ........................................ 1, 23, 24

Federal Rules of Civil Procedure 12 ........................................ 1

**State Statutes and Rules**

CPLR § 215 ........................................ 9

CPLR § 305 ........................................ 10

CPLR § 306-b ........................................ 2, 8

CPLR § 308 ........................................ 7, 8

CPLR § 311 ........................................ 2, 9

Judiciary Law § 487(1) ........................................ *passim*

RPAPL § 1331 ........................................ 11

Defendants, Sills Cummis & Gross P.C. ("Sills Cummis") and Joshua N. Howley, Esq. ("Howley," together with Sills Cummis, "Defendants"), respectfully submit this Memorandum of Law in support of their (i) motion to dismiss the complaint, dated May 23, 2024 ("Complaint"), of plaintiff Joel Greenfield ("Plaintiff"), under Federal Rules of Civil Procedure 12(b)(2), (b)(5), and (b)(6) and (ii) motion for monetary sanctions against Plaintiff, pursuant to 15 U.S.C. §1692k(3), and against Plaintiff's counsel, pursuant to 28 U.S.C. §1927, and the Court's inherent powers.

## PRELIMINARY STATEMENT

Sills Cummis represented the foreclosing lender in a prior mortgage foreclosure action in the New York State Supreme Court, County of Sullivan, captioned *Walkoff Holdings LLC v. Waverly Homes Dev. LLC, et, al.*, Index No. E2022-2493 ("Prior Foreclosure Action"). Howley, a member of Sills Cummis, electronically signed various pleadings, including the Summons and Verified Foreclosure Complaint, dated December 13, 2022 ("Foreclosure Complaint"), and the Notice of Pendency, dated December 13, 2022 ("Notice of Pendency"). Plaintiff commenced this action in state court, which was subsequently removed by Defendants to this Court. The Complaint asserts claims for abuse of process, slander of title, violation of New York State Judiciary Law § 487 and under the Fair Debt Collection Practices Act ("FDCPA"), based on purportedly "false" allegations in those pleadings. Plaintiff's claims fail both jurisdictionally and on the merits.

To begin with, the Court lacks personal jurisdiction over Defendants. Plaintiff did not file an affidavit of service and has thus failed to show that service of process on Defendants was proper. In various state court actions, related plaintiffs filed affirmations of service for Howley confirming that plaintiffs violated CPLR § 306-b, and thus, the state courts lack jurisdiction over Howley. Presumably, Plaintiff will rely on a similar affirmation in this action. The result,

however, would be the same. As for Sills Cummis, Plaintiff has failed to demonstrate that lawful process was duly served on the New York Secretary of State under BCL § 306, or on the statutorily designated representative under CPLR § 311(a)(1). Plaintiff's failure to properly serve process requires the dismissal of this action.

Even assuming, *arguendo*, personal jurisdiction exists over Defendants (it does not), Plaintiff's claims fail as a matter of law. Plaintiff's First Cause of Action for abuse of process is barred by the one-year statute of limitations, accruing from the date that the allegedly abusive process was filed. The Notice of Pendency was filed more than one year before Plaintiff filed a pleading with abuse of process as a cause of action. Even if it is not time barred, this claim hinges on the allegations that Defendants "had no basis for filing a notice of pendency on Plaintiff's condominium, except to misuse the process in a perverted manner" to "become judgment proof against the condominium owners," and as a "pressure tactic" to force Plaintiff to settle with the foreclosing lender. The mere filing of a Notice of Pendency alone, however, is not process subject to abuse—Plaintiff must plead facts showing that the Notice of Pendency was abused *after* its filing. Plaintiff has failed to do so. Plaintiff also fails to plead that Defendants intended to do Plaintiff harm, or that Plaintiff suffered special damages—all essential elements of an abuse of process claim.

Plaintiff's Second Cause of Action for slander of title is based on Sills Cummis' filing of the Foreclosure Complaint and Notice of Pendency. Courts have held, however, that a Notice of Pendency is an undeniably true statement that cannot give rise to a cause of action for slander of title. In addition, documents incorporated by reference into the Complaint (the Foreclosure Complaint and Notice of Pendency) belie any notion and render implausible that the Prior Foreclosure Action falsely cast doubt on the validity of Plaintiff's condominium unit title. These

pleadings accurately state that Plaintiff's unit was *not* being foreclosed on and was *not* subject to the lien of the mortgages in the Prior Foreclosure Action. The slander of title claim must also be dismissed because the Complaint fails to allege facts showing that Defendants acted with malice in making any particular statement or caused Plaintiff special damages resulting from any purported false statements—essential elements of a slander of title claim.

The Complaint's Third Cause of Action for violation of Judiciary Law § 487 alleges that the Foreclosure Complaint and Notice of Pendency were filed as a "deceit with intent to deceive the Court in the foreclosure" with respect to Plaintiff's rights to its unit and with an "intent to deceive third parties on Plaintiff's rights." There was no "deceit." The Foreclosure Complaint and Notice of Pendency accurately state that the lender was *not* seeking to foreclose on Plaintiff's unit. This claim is also defective because the Complaint fails to plead scienter with the requisite factual particularity or facts showing what, if any, damages Plaintiff sustained that were proximately caused by Defendants' alleged "deceit."

The Complaint's Fourth Cause of Action alleges that Defendants' prosecution of the Prior Foreclosure Action, as counsel of record, and the Foreclosure Complaint and Notice of Pendency, violate six provisions under the FDCPA. This claim fails on multiple grounds:

- The loan transaction that was the subject of the Prior Foreclosure Action, and which serves as the basis for Plaintiff's FDCPA claim, concerns a commercial rather than a consumer debt. The Second Circuit has expressly stated that claims arising from commercial debt cannot create an FDCPA claim.

- The Complaint fails to allege facts showing that Plaintiff is a "consumer" as defined in the FDCPA. Nor could it. The Foreclosure Complaint does not allege that Plaintiff signed the commercial mortgage note or the commercial mortgage, or otherwise was indebted to the commercial lender in the Prior Foreclosure Action. The Foreclosure Complaint does not seek to foreclose on Plaintiff's condominium unit or to obtain a money judgment against him.

- The Complaint fails to allege any facts showing that either or both Defendants are "debt collectors" as defined in the FDCPA. No facts are alleged that Defendants used "any instrumentality or the mails," that the "principal purpose" of Defendants' business is

the collection of FDCPA regulated debts, or that Defendants "regularly collect or attempt to collect" such debts.

- The Complaint fails allege a valid substantive FDCPA violation. Plaintiff's allegation that Defendants failed to send an "initial communication" is not a violation of 15 U.S.C § 1692g(a) because that section is triggered only *after* a debt collector has sent an initial communication. A foreclosure complaint is not an "initial communication."

- No violation of 15 U.S.C § 1692g(b) has been stated (omission of validation notice) because the right to dispute a debt presumes and is based on a debt collector having sent the initial communication (which has not been pled) and independently requires that a dispute of the debt be made in writing, which Plaintiff has also not pled.

- Plaintiff's conclusory allegations that Defendants engaged in various misrepresentations related to his condominium unit and the "legal status of the mortgage," in violation of 15 U.S.C. § 1692e, is a "bizarre and idiosyncratic interpretation" of the Foreclosure Complaint and should not be credited by this Court.

Finally, Plaintiff commenced this action in bad faith, and his counsel multiplied the proceedings unreasonably and vexatiously by filing 28 individual actions against the same defendants based on identical facts. As shown below, the Complaint is frivolous and should be dismissed, with prejudice, and sanctions should be imposed on Plaintiff and his counsel.

## STATEMENT OF FACTS

### I. UNDERLYING LOAN TRANSACTION

On November 7, 2016, a commercial borrower, Waverly Home Development LLC ("Borrower"), executed a $1.8 million mortgage note in favor of various lenders ("Loan"). *See* Declaration of Mitchell D. Haddad, dated June 7, 2024 ("Haddad Decl."), Exhibit A annexed to Exhibit A.[1] As security for the repayment of the Loan, Borrower executed a mortgage. Exhibit

[1] The Foreclosure Complaint and the Notice of Pendency were incorporated by reference in the Complaint and, along with their exhibits, may appropriately be considered on Defendants' Motion to Dismiss. On a motion to dismiss, a court may consider "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Lateral Recovery, LLC v. Cap. Merch. Servs.*, LLC, 632 F. Supp. 3d 402, 435 (S.D.N.Y. 2022). "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *Id*, 436. The Complaint repeatedly cites to the Foreclosure Complaint (Complaint ¶¶ 13–15) and it serves as a basis for three of the four causes of action in the Complaint. *See id.*, ¶¶ 22–41. Similarly, the Complaint cites the Notice of Pendency (*id.* ¶¶

B annexed to Exhibit A, annexed thereto.

The mortgage states that "[t]his loan is a business loan given for an exclusively business purpose. The premises are not used as the residence of the Mortgagor and are owned as a business and investment venture by the Mortgagor," and that "Borrower certified that Premises herein mortgaged are not their primary residence. Funds being borrowed are not for personal, household or medical purposes and are used exclusively for business purposes." *Id.* ¶¶ 38, 39.

After the Loan was made, a portion of the real property securing the Loan was subdivided into sub-lots or units referred to as Units A-1 through A-34. Haddad Decl., Exhibit A, ¶ 87. Certain of these units were sold, including to Plaintiff, and those sold units were released from the mortgage securing the Loan. *Id.* ¶ 88. Borrower later defaulted on the Loan by failing to make the required payments due at the maturity date. *Id.* ¶ 117. The lender then sought to foreclose on the mortgage.

## II. <u>PRIOR FORECLOSURE ACTION</u>

Sills Cummis, as counsel of record, filed the Prior Foreclosure Action on behalf of its client with Howley signing the Foreclosure Complaint and Notice of Pendency. The Foreclosure Complaint named Plaintiff as a defendant but did not allege that Plaintiff signed the note or mortgage, was indebted to the foreclosing lender, or that his unit was encumbered by the mortgage sought to be foreclosed. Indeed, the caption in the Foreclosure Complaint shows that Plaintiff's condominium Unit was excluded from the foreclosure relief sought. *See* Haddad Decl., Exhibit A, at 1. The body of the Foreclosure Complaint also confirmed that Plaintiff's Unit was released from the lien of the mortgages and not subject to foreclosure. *Id.* ¶ 89.

---

16–18) and it serves as a basis for all four causes of action. These pleadings may appropriately be considered on this motion.

Similarly, both the first and third pages of the Notice of Pendency make clear that Plaintiff's unit was specifically excluded from its scope.

In a letter dated June 13, 2023, Plaintiff's counsel in the Prior Foreclosure Action (and the same one in this action) acknowledged that the Foreclosure Complaint and the Notice of Pendency excluded Plaintiff. *See* Haddad Decl., Exhibit C.[2]

## III. THIS ACTION

Exactly one year to the day that the Foreclosure Complaint and the Notice of Pendency were filed, Plaintiff commenced this action in New York state court by filing a Summons with Notice, dated December 13, 2023. *See* ECF No. 1-1. It purported to give Defendants notice of two claims—slander of title and FDCPA violations arising out of Defendants' filing of the Foreclosure Complaint and Notice of Pendency in the Prior Foreclosure Action.

On May 2, 2024, Defendants removed the action to this Court pursuant to 28 U.S.C §§ 1331 and 1441, *et seq.* ECF No. 1. Plaintiff then filed the Complaint, which asserts a federal FDCPA claim and three state law claims for abuse of process, slander of title, and violation of Judiciary Law § 487.

## IV. SERVICE OF PROCESS

Plaintiff filed no affidavits of service for this action. Plaintiff previously filed an affirmation of service in a related state court action alleging that on April 10, 2024—or 119 days *after* Plaintiff commenced that action—an attorney delivered a Summons with Notice to Howley's wife at his place of residence in New Jersey. *See* Haddad Decl., Exhibit D. The

---

[2] A "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Lateral Recovery*, 632 F. Supp. 3d at 442. The Court may thus take judicial notice of this letter filed by Plaintiff's attorney in the Prior Foreclosure Action.

affirmation alleges that on April 28, 2024—or 137 days after Plaintiff filed the Summons with Notice, a "Mr. Katz" mailed a copy of that Summons with Notice to Howley's residence in New Jersey through the United States Postal Service by first class mail. *Id.* Plaintiff may later allege that service of process on Howley in this action was performed in the same manner. No matter what, it is defective.

## ARGUMENT

A complaint must be dismissed if it does not allege "sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *SUEZ Water N.Y. Inc. v. E.I. du Pont de Nemours & Co.*, 578 F. Supp. 3d 511, 538 (S.D.N.Y. 2022). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

## POINT I

## THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### A. Service on Howley Was Defective

Assuming Plaintiff alleges that Howley was served in the same manner as in the related state court actions, Howley's wife was given a Summons with Notice on April 10, 2024, under CPLR §308(2)—119 days after the action was commenced—and a mailing was allegedly performed on April 28, 2024—137 days after the action was commenced. Plaintiff's failure to

---

[3] Unless otherwise stated, all citations are omitted and emphasis added.

both deliver *and* mail the Summons with Notice within 120 days of the commencement of this action deprives this Court of personal jurisdiction over Howley requiring dismissal as to him.

CPLR § 306-b requires that "Service of . . . summons with notice . . . shall be made within one hundred twenty days after the commencement of the action or proceeding."[4] When a plaintiff attempts to effect service of process under CPLR § 308(2) (delivery to person of suitable age and discretion), it is also required to mail a copy of the summons to the defendant's last known residence within 20 days of delivery. CPLR § 308(2).

CPLR § 306-b requires the plaintiff to complete *both* the delivery *and* the mailing within the 120-day period or the action will be dismissed for lack of personal jurisdiction. *See Purzak v. Long Island Hous. Servs.*, 149 A.D.3d 989, 992 (2d Dept 2017) ("Both the delivery and mailing components of CPLR §308 (2) must be performed within 120 days of the filing of process."); *Munoz v. Reyes*, 40 A.D.3d 1059, 1059 (2d Dep't 2007).

If Plaintiff served Howley as in the state court actions, Plaintiff's failure to both serve and mail process on Howley within the 120-day window, under CPLR § 306-b, requires the dismissal of Howley as a Defendant due to lack of personal jurisdiction.[5]

## B. <u>Service of Process on Sills Cummis was Defective</u>

Plaintiff has not filed an affidavit of service for Sills Cummis, a professional corporation. It has therefore failed to demonstrate that lawful process was duly served on Sills Cummis either

---

[4] "Because Plaintiff served process on Defendant prior to removal, 'the propriety of service must be determined by reference to state law.'" *PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680 (KMK), 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009).

[5] Given that the envelope for Howley's service in the state court actions contains no U.S. Postal Service postmark, has computer printed stamps from 2020 and 2021, a return address that appears to be a residence in Brooklyn that is different from the affiant's stated residence in New York County, was mailed on a Sunday, and the state in which the mailing performed is omitted, there is a serious question as to whether Mr. Katz actually performed the "mailing," and whether the mailing was actually performed in New York State within 20 days of April 10, 2024, as required by CPLR § 308(2). This is another basis on which to dismiss this action for lack of personal jurisdiction.

via the New York Secretary of State under BCL § 306 or on a Sills Cummis officer, director, managing or general agent, cashier or assistant cashier, or to any other agent authorized by appointment or by law to receive service under CPLR § 311(a)(1). This Court therefore lacks personal jurisdiction over Sills Cummis and the Complaint must be dismissed against it.

## **POINT II**

## **PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS (COUNT ONE)**

To state a cause of action for abuse of process under New York law, a plaintiff must allege facts establishing "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984). A plaintiff must also plead actual or special damages. *See Key Bank of N. New York v. Lake Placid Co.*, 103 A.D.2d 19, 26 (3d Dep't 1984). "A malicious motive alone. . . does not give rise to a cause of action for abuse of process." *See Curiano*, 63 N.Y.2d at 117.

### **A. Plaintiff's Abuse of Process Claim is Barred by the Statute of Limitations**

A claim for abuse of process is subject to a one-year statute of limitations, accruing from the date that the process is filed. *See* CPLR § 215(3); *Behrens v. City of Buffalo*, 217 A.D.3d 1589, 1590 (4th Dep't 2023) ("Abuse of process is an intentional tort that is subject to the one-year statute of limitations. Plaintiff's claim at issue accrued on January 7, 2019, when criminal charges were filed against plaintiff."); *Bittner v. Cummings*, 188 A.D.2d 504, 506 (2d Dep't 1992); *Artzt v. Greenburger*, 161 A.D.2d 389, 389 (1st Dep't 1990).

The Notice of Pendency was filed on December 13, 2022. Plaintiff thus needed to interpose any abuse of process claim by December 13, 2023. Plaintiff first interposed the claim in its Complaint filed on May 7, 2024—five months *after* the Statute of Limitations expired. The claim is thus time-barred and must be dismissed.

Plaintiff's filing of the Summons with Notice in December 2023 cannot save this claim because it gave Defendants notice of only two causes of action—slander of title and violation of the FDCPA. *See* ECF No. 1-1. Nothing in that pleading reasonably gives Defendants notice that Plaintiff intended to assert an abuse of process claim. *See, e.g.*, *Roth v. State Univ. of N.Y.*, 61 A.D.3d 476, 476-77 (1st Dep't 2009) ("The summons described the nature of this action as 'violations of federal, New York State, and New York City human rights laws, including but not limited to' various named statutes. Since numerous potential causes of action may be brought under these statutes, the summons left defendants to guess the precise claims against them. In thus failing to comply with the notice requirements of CPLR § 305(b), the summons was jurisdictionally defective, and as such could not be amended."); *Scaringi v. Elizabeth Broome Realty Corp.*, 191 A.D.2d 223, 223 (1st Dep't 1993).

## B. Plaintiff's Abuse of Process Claim Fails to State A Cause of Action

### *1 The Complaint Fails to Allege Facts Showing That the Notice of Pendency was Abused After its Filing*

Plaintiff's abuse of process claim is defective because the Complaint fails to allege facts showing that the Notice of Pendency was abused *after* it was filed. *See Curiano*, 63 N.Y.2d at 117; *Schilt v. Matherson*, 104 A.D.3d 668, 669 (2d Dep't 2013) ("The defendant [] failed to allege facts to suggest that the filing of the notice of pendency was intended to harm him without justification, and that the notice of pendency was misused for an improper collateral purpose subsequent to its filing."); *Goldblatt v. 112 Duffy Ave. Corp.*, 186 A.D.2d 718, 719 (2d Dep't 1992) ("[T]he plaintiff's notice of pendency was properly filed in the context of this action and the appellants alleged no abuse of the notice of pendency after it was filed. They have therefore failed to plead a cause of action alleging abuse of process."); *Panish v. Steinberg*, 32 A.D.3d 383, 384 (2d Dep't 2006) ("The plaintiff failed to allege any actual misuse of the notice of

pendency to obtain an end outside its proper scope.”).

The Complaint alleges that Defendants “fil[ed] a notice of pendency on Plaintiff’s condominium” for no reason other than to become “judgment proof against the condominium owners” and as a “pressure tactic to have the Plaintiff force the condominium owners to give up litigating its differences with Eli Katz.” Complaint ¶¶ 20, 21. Looking beyond the fact that the Notice of Pendency expressly *excluded* and was not filed against Plaintiff’s condominium unit, as well as Plaintiff’s counsel’s June 13, 2023 letter admitting the same, the Complaint fails to allege any facts showing that Defendants abused the Notice of Pendency *after* it was filed. This omission is fatal.

### *2 The Complaint Fails to Allege Facts Showing That Defendants Acted With Intent to Cause Harm*

Plaintiff’s abuse of process claim is also defective because the Complaint fails to allege facts showing that Defendants acted with intent to harm Plaintiff. *See Curiano*, 63 N.Y.2d at 116; *Greco v. Christoffersen*, 70 A.D.3d 769, 770 (2d Dep’t 2010) (“[T]here is no evidence that the plaintiff commenced the instant action with an intent to do harm without excuse or justification.”).

Plaintiff does not—and cannot—make such a showing. The Notice of Pendency was properly filed in the Prior Foreclosure Action under RPAPL § 1331 and it expressly stated that Plaintiff’s unit was *not* being foreclosed on. *See* Haddad Dec, Exhibit B, at 1, 3. Plaintiff’s counsel admitted this fact in a letter filed in the Prior Foreclosure Action. *See id.*, Exhibit C. In any event, the assertion that Defendants filed the Notice of Pendency for no other reason than for its client to become “judgment proof” or as a pressure tactic in a related litigation (Complaint ¶¶ 20, 21) are conclusions, need not be accepted as true, and fails to satisfy the scienter element of this claim. *See Zanett Lombardier, Ltd. v. Maslow*, 29 A.D.3d 495, 495–96 (1st Dep’t 2006)

(“The conclusory statement of intent did not adequately plead sufficient details of scienter.”).

***3 The Complaint Fails to Plead Any Damages Caused by Sills Cummis’ Filing of the Notice of Pendency***

Plaintiff is required to plead that it suffered actual damages because of the filing of the Notice of Pendency. *Lake Placid Co.*, 103 A.D.2d at 26; *Silberman v. Flaum*, 225 A.D.2d 985, 986 (3d Dep’t 1996). The Complaint fails to do so. It merely alleges that Plaintiff must “remedy the damages caused” (Complaint ¶¶ 19, 22, 27), which is insufficient to plead actual damages.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM FOR SLANDER OF TITLE (COUNT TWO)

To state a cause of action for slander of title, Plaintiff must allege facts establishing that the defendant (1) made a communication falsely casting doubt on the validity of the plaintiff’s title, (2) reasonably calculated to cause harm, (3) which resulted in special damages. *See Fink v. Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 756 (3d Dep’t 2005); *Haruvi v. Hungerford*, 2024 N.Y. Slip Op. 50032(U), 2024 WL 159582 at *9 (Sup. Ct. N.Y. Cnty. 2024).

### A. The Filing of the Notice of Pendency Cannot Give Rise to a Claim for Slander of Title

Plaintiff cannot state a slander of title claim based on the filing of the Notice of Pendency in the Prior Foreclosure Action. Courts have long held that a notice of pendency is an “undeniably true statement” and cannot “give rise to a cause of action for slander of title.” *Casa de Meadows Inc. (Cayman Islands) v. Zaman*, 76 A.D.3d 917, 922 (1st Dep’t 2010); *see also Sopher v. Martin*, 243 A.D.2d 459, 461-62 (2d Dep’t 1997) (“This counterclaim was predicated upon the appellant having filed a notice of pendency. However, a notice of pendency does not give rise to a cause of action sounding in slander of title.”); *35-45 May Assocs. v. Mayloc Assocs.*, 162 A.D.2d 389, 389-90 (1st Dep’t 1990) (“[I]t has been held that a notice of pendency is an ‘undeniably true statement,’ and that therefore the filing of a notice of pendency does not

give rise to a cause of action for slander of title.”).

**B. <u>The Foreclosure Complaint and the Notice of Pendency do not Cast Doubt on the Validity of Plaintiff’s Title to His Condominium Unit</u>**

Plaintiff’s slander of title claim is based on statements in the Prior Foreclosure Action’s Foreclosure Complaint and Notice of Pendency. Complaint ¶¶ 23-26. The Complaint fails to allege facts showing that these pleadings falsely cast doubt on the validity of Plaintiff’s condominium unit title. The Notice of Pendency accurately stated that an action had been commenced to foreclose mortgages and that Plaintiff’s unit was *excluded* from its scope. *See Pelc v. Berg*, 68 A.D.3d 1672, 1674 (4th Dep’t 2009); *Carnival Co. v. Metro-Goldwyn-Mayer, Inc.*, 23 A.D.2d 75, 77 (1st Dep’t 1965) (to sustain claim for slander of title “it must appear that the communication casting doubt on the validity of plaintiffs’ title was false in fact and reasonably calculated to cause harm.”).

The Foreclosure Complaint does not allege that Plaintiff was indebted to the foreclosing lender in the Prior Foreclosure Action, that Plaintiff’s condominium unit was encumbered by the mortgages sought to be foreclosed, or subject to foreclosure. To the contrary, it specifically *excluded* Plaintiff’s condominium unit from foreclosure. *See* Haddad Decl., Exhibit A, at 23, ¶ 89. Plaintiff’s’ counsel in the Prior Foreclosure Action, who is Plaintiff’s counsel here, has conceded this fact. *See id.*, Exhibit C. These pleadings do not cast doubt on the validity of Plaintiff’s condominium unit title.

**C. <u>Plaintiff Fails to Allege Facts Showing That Defendants Acted With Malice</u>**

The slander of title claim is also defective because Plaintiff fails to allege facts showing that Defendants acted with malice in making any statement in the Foreclosure Complaint or Notice of Pendency. *See Props. Hacker, LLC v. City of N.Y.*, 189 A.D.3d 589, 591 (1st Dep’t 2020) (“[T]he cause of action fails to allege the requisite malice or spite.”); *Fink*, 15 A.D.3d at

756 ("We find no evidence of the malicious intent necessary to support a cause of action for slander of title."); *Modulars by Design, Inc. v. DBJ Dev. Corp.*, 174 A.D.2d 885, 887 (3d Dep't 1991) ("We also agree that the causes of action alleging slander of title and tortious interference are facially defective, as the former fails to allege malice and neither alleges special damages.").

The Complaint contains only conclusory allegations that Defendants "knowingly created the falsehood of the foreclosure that Plaintiff's title is subject to the mortgage of Waverly Development, and filed a notice of pendency to that effect." Complaint ¶ 26. But, as Plaintiff's counsel admitted, both the Foreclosure Complaint and Notice of Pendency did not concern or affect Plaintiff's condominium unit title. *See* Haddad Decl., Exhibit C, at 1-2.

**D. <u>Plaintiff Fails to Allege That it Suffered any Special Damages Resulting From Defendants' Alleged False Statements</u>**

The Complaint fails to allege that Plaintiff suffered any special damages resulting from the purportedly false statements, which is yet another reason requiring the dismissal of this claim. *See Rosenbaum v. City of N.Y.*, 8 N.Y.3d 1, 12 (2006) ("Special damages are an element of a cause of action for slander of title based upon the recording of an unfounded claim, and the cause of action does not arise until special damages actually result."); *Collision Plan Unlimited, Inc. v. Bankers Tr. Co.*, 63 N.Y.2d 827, 831 (1984) (affirming dismissal of cause of action for slander of title where cause of action "fails to allege special damages."); *Bibbo v. 31-30, LLC,* 105 A.D.3d 791, 794 (2d Dep't 2013).

Plaintiff has not alleged that he incurred any damages, let alone special damages. All the Complaint alleges is that Plaintiff must "remedy the damages caused" (Complaint ¶¶ 19, 22, 27). The Court "may not read into his allegations a claim for cognizable damages, which he did not actually incur, under the guise of liberally construing the complaint." *Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 144 (2017).

## POINT IV

## PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF JUDICIARY LAW § 487 (COUNT THREE)

Judiciary Law § 487 is a penal statute that must be strictly construed and requires a showing of "egregious conduct or a chronic and extreme pattern of behavior" by a defendant-attorney. *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 615 (1st Dep't 2015). Relief under Judiciary Law § 487 "is not lightly given." *Id.*

New York courts have consistently held that a "single alleged act of deceit is not sufficiently egregious to support a claim under Judiciary Law § 487(1)." *Strumwasser v. Zeiderman*, 102 A.D.3d 630, 631 (1st Dep't 2013); *see also Saporito v. Branda*, 213 A.D.3d 588, 589 (1st Dep't 2023) ("[T]he alleged single act of deceit was not 'sufficiently egregious' to support the claim [under Judiciary Law § 487]"); *Shawe v. Elting*, 161 A.D.3d 585, 588 (1st Dep't 2018). Even assertions of "unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability" under Judiciary Law § 487. *Ticketmaster Corp. v. Lidsky*, 245 A.D.2d 142, 143 (1st Dep't 1997).

"Allegations regarding an act of deceit or intent to deceive must be stated with particularity," and "the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient." *Facebook, Inc.*, 134 A.D.3d at 615. A plaintiff must plead with specificity that it suffered an injury "proximately caused" by the alleged deceit or collusion. *See Gumarova v. L. Offs. of Paul A. Boronow, P.C.*, 129 A.D.3d 911, 912 (2d Dep't 2015).

The Complaint alleges that the Foreclosure Complaint and the Notice of Pendency were filed as a "deceit with intent to deceive the court in the foreclosure" with respect to Plaintiff's rights to its unit and with an "intent to deceive third parties on Plaintiff's rights." Complaint ¶¶ 29, 30. There was no "deceit," much less an intent to deceive the court or third parties in the

Prior Foreclosure Action. The Foreclosure Complaint and the Notice of Pendency in the Prior Foreclosure Action state that Plaintiff's condominium unit was excluded from foreclosure. *See* Haddad Decl., Exhibit A, at 23, ¶ 89; Exhibit B, at 1, 3. Plaintiff's counsel's June 13, 2023 letter explicitly admits that the Notice of Pendency "excludes" his clients, including Plaintiff, "as does the caption of the summons and complaint." *See* Haddad Decl., Exhibit C, at 1.

Plaintiff also fails to plead facts with the required particularity to establish Defendants' "intent" to deceive the Court and third parties in the Prior Foreclosure Action. Even if statements in the Foreclosure Complaint and the Notice of Pendency were false (they are not), a single act in starting a proceeding is not sufficiently egregious and does not reflect an "extreme pattern of behavior" that would give rise to a claim under Judiciary Law § 487. *Facebook, Inc.*, 134 A.D.3d at 615; *see also Strumwasser*, 102 A.D.3d at 631; *Branda*, 213 A.D.3d at 589; *Elting*, 161 A.D.3d at 588.

Finally, Plaintiff fails to allege any facts that it suffered an injury "proximately caused" by the alleged deceit or collusion. Paragraph 31 of the Complaint alleges in a conclusory manner that "[a]s a direct of the foregoing acts committed by Defendants, Plaintiff suffered damages." This is insufficient. *See Sciocchetti v. Molinsek*, 223 A.D.3d 1046, 1047 (3d Dep't 2024) ("[T]o state a cause of action alleging a violation of Judiciary Law § 487, the plaintiff must plead allegations from which damages attributable to the defendant's conduct might be reasonably inferred"); *Gumarova*, 129 A.D.3d at 911 ("Since Judiciary Law § 487 authorizes an award of damages only to 'the party injured,' an injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of that statute").

## <u>POINT V</u>

## <u>PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA (COUNT IV)</u>

To state a cause of action under the FDCPA, Plaintiff must plead facts showing that "(1) the plaintiff [is] a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector' [as defined in the FDCPA] and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Wilkins v. Specialized Loan Serv., LLC*, 623 F. Supp. 3d 264, 270 (S.D.N.Y. 2022).

### A. <u>The FDCPA Does not Apply to Claims That Arise From Commercial Debt</u>

The FDCPA does not apply to the collection of commercial debt. *See* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for *personal, family, or household purposes*, whether or not such obligation has been reduced to judgment."); *see also Paushok v. Ganbold*, No. 21-964-CV, 2022 WL 1421844, at *2 (2d Cir. May 5, 2022) ("Indeed, the allegations in the complaint make clear that the claim arises from a commercial debt—namely, the 2006 Surety signed by Paushok—that cannot form the basis of an FDCPA claim as a matter of law."); *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) ("[T]o the extent that the alleged debt, whether actually owed or mistakenly assessed, stems from telecommunications services provided by Verizon to SMZ, the claim arises out of a commercial transaction and is not covered by the FDCPA."); *Spira v. J.P. Morgan Chase*, No. 09CV8412 GBD, 2010 WL 3910290, at *3 (S.D.N.Y. Sept. 29, 2010).

The underling transaction that gave rise to the Prior Foreclosure Action, on which

Plaintiff's FDCPA claim is based, involved a commercial loan transaction. The mortgage explicitly states that "[t]his loan is a *business loan given for an exclusively business purpose*" and that "Borrower certified that Premises herein mortgaged are not their primary residence. Funds being borrowed are not for personal, household or medical purposes and are used exclusively for business purposes." Haddad Decl., Exhibit A annexed to Exhibit A, ¶¶ 38, 39. After the commercial loan transaction closed, a portion of the property that secured the loan was subdivided into units "colloquially called Units A-1 through A-34," one of which was sold to Plaintiff. Haddad Decl. Exhibit A, ¶ 87.

Accordingly, Plaintiff's FDCPA claim, arising out of a commercial loan transaction, must be dismissed.

**B. <u>Plaintiff Fails to Allege he is a "Consumer" Under the FDCPA who has Been the Object of an Attempt to Collect a Debt</u>**

15 U.S.C § 1692a of the FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Plaintiff fails to plead any facts to establish this threshold element. The Complaint pleads only that "Plaintiff is a consumer within the meaning of 15 USCA § 1692a(3) in that the Defendants hassled Plaintiff to pay a debt that was not owed by Plaintiff." Complaint ¶ 34. Simply parroting the statutory definition does not make Plaintiff a "consumer" for FDCPA purposes. Plaintiff's failure to plead facts to establish this threshold element requires the dismissal of his FDCPA claim. *See Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 (2d Cir. 2004) ("[W]e are not required to accept as true the legal conclusions or unwarranted deductions of fact drawn by the non-moving party."); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 376 (S.D.N.Y. 1997) ("Simply pleading such a legal conclusion is insufficient to stave off dismissal, even under Rule 8(a).").

Moreover, Plaintiff cannot establish that he is a "consumer" under the FDCPA or plead

that he was involved in or obligated to pay a consumer debt. Plaintiff does not allege that he was a party to a consumer transaction, that he executed any note, mortgage or other consumer loan or credit documents, or was a party to any alleged consumer-related debt. The Foreclosure Complaint and its exhibits (the commercial note and mortgage signed by a corporate borrower) clearly show that the lender in the Prior Foreclosure Action was seeking to foreclose on a commercial loan to which Plaintiff was not a party. *See e.g.*, *In re Scott*, 572 B.R. 492, 529-30 (Bankr. S.D.N.Y. 2017) ("It is undisputed that the Debtor did not sign the Note and that he received a discharge from personal liability on the Mortgage in his Chapter 7 case. He has no personal liability under the Judgment of Foreclosure since the state court entered it prior to his receipt of his discharge in bankruptcy. Thus, he cannot qualify as a 'consumer' and, as such, is not entitled to relief under the FDCPA."); *Lachi v. GE Cap. Bank*, 993 F. Supp. 2d 1228, 1232 (S.D. Cal. 2014) ("Plaintiff does not plausibly allege that she is 'obligated or allegedly obligated to pay a debt' to Encore.").

## C. <u>Plaintiff Fails to Allege That Defendants are "Debt Collectors" Under the FDCPA</u>

15 U.S.C. § 1692a(6) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The Complaint does not allege any facts showing that Defendants used any instrumentality of interstate commerce or the mails merely by acting as counsel of record for a commercial lender in the Prior Foreclosure Action. Nor does it allege any facts that the principal purpose of Defendants' business is the collection of FDCPA regulated debts or that they regularly attempt to collect such debt. Plaintiff's only allegation is that "Defendants are debt collectors within the meaning of 15 USCA § 1692a(6) in that they regularly collect debt on behalf of third parties, including by collecting

debt on promissory notes, and pursue creditor rights in its debt collection practice." Complaint ¶ 35. Again, parroting the statutory definition does not satisfy the requirement of pleading facts showing that Defendants are in fact "debt collectors" for FDCPA purposes. Courts need not accept such conclusory allegations as true on a motion to dismiss. *Scalisi*, 380 F.3d at 137; *Old Republic Ins. Co.*, 170 F.R.D. at 376.

Plaintiff's failure to plead facts sufficient to show that Defendants are debt collectors under the FDCPA dooms his claim. *See e.g., Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192 (VSB), 2018 WL 4680023, at *5 (S.D.N.Y. Sept. 28, 2018) (dismissing FDCPA claim as to certain defendants and stating that plaintiff "has not pleaded sufficient facts to classify any of the Navient Defendants as debt collectors within the meaning of the FDCPA. As to Navient and Pioneer, there are no non-conclusory allegations in the Complaint that Navient or Pioneer was a debt collector, or that Navient or Pioneer engaged in any debt collection activity.") (Broderick, J); *Davis v. J.P. Morgan Chase Bank*, No. 14-CV-6263 (KMK), 2016 WL 1267800, at *10 (S.D.N.Y. Mar. 30, 2016) (dismissing plaintiff's FDCPA claim because, among other things, "[t]he Second Amended Complaint 'lacks any allegations asserting that Defendants are debt collectors within the meaning of the FDCPA,' as there are no allegations that Defendants are "entities who regularly collect, or attempt to collect, the debts owed to another, or use a name other than their own to collect their debts."); *Campbell v. Bank of N.Y. Mellon Tr. Co.*, No. 11-CIV-1588 (CS)(PED), 2012 WL 2952852, at *10 (S.D.N.Y. May 8, 2012); *Ogbon v. Beneficial Credit Servs., Inc.*, No. 10-CV-03760 (GBD), 2011 WL 347222, at *4 (S.D.N.Y. Feb. 1, 2011).

## D. Plaintiff Fails to Allege That Defendants Engaged in any acts or Omissions in Violation of the FDCPA

### 1 *Plaintiff Fails to State a Violation of 15 U.S.C. § 1692g(a)*

Plaintiff asserts that Defendants violated 15 U.S.C. § 1692g(a) because they "failed to

afford" him "the initial communication notice" with certain, specific, enumerated information. Complaint ¶ 36. Plaintiff misconstrues this provision, which mandates that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the [] information is contained in the initial communication or the consumer has paid the debt," send certain enumerated information. In other words, to state a claim under this provision, Plaintiff must plead the existence of an initial communication that triggers the five-day window for debt collectors to send follow up information. 15 U.S.C. § 1692g(a). Plaintiff's failure to plead the existence of an initial communication by Defendants is fatal to his claims under 15 U.S.C. § 1692g(a). *Wimberly v. Stern*, No. 22-CV-7581 (VSB), 2023 WL 6466465, at *5 (S.D.N.Y. Oct. 4, 2023) ("Because Plaintiff does not identify an initial communication that was more than five days prior to the notice sent by the GDB Defendants, this count also fails.") (Broderick, J).

To the extent Plaintiff may assert that the Foreclosure Complaint is an initial communication, it is not. 15 U.S.C. § 1692g(d) carves out legal pleadings from the definition of initial communications, stating "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." *See also Johnson-Gellineau v. Stiene & Assocs., P.C.*, 837 F. App'x 8, 12 (2d Cir. 2020) ("[T]he Amended Complaint alleges that the filings in the foreclosure action constituted the initial communication, but § 1692g(d) provides that 'formal pleadings in a civil action' are not 'initial communications' that trigger the statutory notice requirements."); *Kamen v. Steven J. Baum, P.C.*, 659 F. Supp. 2d 402, 406 (E.D.N.Y. 2009) ("[T]he court holds that both documents [summons and complaint] constituted a single 'legal pleading' subject to the FDCPA exemption of the definition of an initial communication.").

### 2 *Plaintiff Fails to State a Violation of 15 U.S.C. § 1692g(b)*

Plaintiff next asserts that Defendants violated 15 U.S.C. § 1692g(b) "in deliberately omitting the validation notice required pursuant to 15 USCA § 1692g(a)," thereby depriving Plaintiff the opportunity to "dispute the validity of the debt" and requiring Defendants to cease collection activities. Complaint ¶ 37. Plaintiff's failure to plead an initial communication under 15 U.S.C. § 1692g(a), however, is also fatal to its claim under 15 U.S.C. § 1692g(b), which necessarily requires that Defendants first provide an initial communication notice under 15 U.S.C. § 1692g(a) *before* any obligation to provide further information is triggered. *See* 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt . . . .").

Moreover, even if Defendants needed to send a validation notice in the absence of an initial communication (they did not), a claim under 15 U.S.C. § 1692g(b) requires that Plaintiff send a written notice of dispute of the debt. The Complaint does not plead that Plaintiff sent a written notice disputing the debt, and therefore, Plaintiff has no claim under 15 U.S.C. § 1692g(b). *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("[T]he recipient of a debt collection letter covered by the FDCPA validly invokes the right to have the debt verified whenever she *mails* a notice of dispute *within thirty days of receiving* a communication from the debt collector.") (emphasis in original); *Weber v. Comput. Credit, Inc.*, 259 F.R.D. 33, 39 (E.D.N.Y. 2009) ("The thirty-day window is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity.").

### 3 *Plaintiff Fails to Allege Facts Showing That Defendants Engaged in False or Misleading Representations in Violation of 15 U.S.C. §1692e.*

The Complaint alleges that Defendants engaged in four substantive violations of 15

U.S.C § 1692e: (1) falsely misrepresenting the legal status of a debt that Plaintiff claims it does not owe; (2) falsely misrepresenting that nonpayment of the mortgage that was the subject of the Prior Foreclosure Action would result in Plaintiff losing title to his condominium unit; (3) falsely misrepresenting that the lien of the mortgage that was the subject of the Prior Foreclosure Action was enforceable against Plaintiff's condominium unit; and (4) threatening to take action of foreclosing on Plaintiff's condominium unit that either they legally could not do or did not intend to do. Complaint ¶¶ 38-41. These allegations are belied by the Foreclosure Complaint and the Notice of Pendency, which make clear that Plaintiff did not sign the note and mortgage; that Plaintiff was not being sued for a debt; that no money judgment or foreclosure of Plaintiff's condominium unit was being sought; and that the lien of the mortgage did not extend to (and had been released from) Plaintiff's unit. Any other interpretation departs from the plain words of these pleadings incorporated by reference into the Complaint.

## POINT VI

## THE COURT SHOULD SANCTION PLAINTIFF AND HIS ATTORNEY

A court may award reasonable attorneys' fees and costs in favor of Defendants and against Plaintiff on "a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(3). An action is brought in bad faith "if there is clear evidence that the litigant's conduct" was "(1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (brackets omitted). Similarly, a court may award costs, expenses, and reasonable attorneys' fees, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers to supervise and control its own proceedings, against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." To impose sanctions under 28 U.S.C. §1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the

claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner*, 897 F.3d at 55.

Courts award sanctions under 15 U.S.C. § 1692k(3) where plaintiff commences an action in bad faith, and under 28 U.S.C. § 1927, and its inherent powers, where counsel unreasonably and vexatiously multiplies the proceeding. For example, in *Huebner*, Plaintiff's present counsel—Levi Huebner, Esq.—was sanctioned under 15 U.S.C. § 1692k(3) in his capacity as a plaintiff, where the court found that "Huebner's decision to initiate this lawsuit 'was meritless and brought for improper purposes.'" *Huebner*, 897 F.3d at 57. Similarly, the court sanctioned Huebner's counsel under 28 U.S.C. § 1927 and its inherent powers, finding "numerous frivolous and vexatious actions by [plaintiff's counsel] over the course of this litigation." *Id.* at 55; *see also In re Khan*, 488 B.R. 515, 535 (Bankr. E.D.N.Y. 2013) ("[T]he Court finds that Dahiya acted for an improper purpose, and that the Counterclaims are without merit. For the same reasons, the record shows that Dahiya acted in bad faith in advancing these Counterclaims. Taken together with the Court's findings that Dahiya did not have a colorable basis to bring these claims, the Court finds that an award of sanctions under Section 1927 and the Court's inherent authority is warranted."); *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 396 (S.D.N.Y. 1999) (awarding sanctions under 15 U.S.C. § 1692k(3) where court found "there is ample evidence before me of 'bad faith' or 'harassment.').

The Complaint's conclusory allegations and claims lack merit and are flatly contradicted by the Foreclosure Complaint, the Notice of Pendency, and Plaintiff's counsel's own admissions in the Prior Foreclosure Action. Compounding Plaintiff's counsel's frivolous conduct is the fact that he filed 28 individual lawsuits in state court (19 of which were removed to this court), based on identical facts, against identical Defendants, asserting identical state law causes of action (and

the 19 removed actions included 19 identical FDCPA claims). Because of this, Defendants have been forced to litigate each action independently, making multiple, virtually identical filings on each motion or application, thereby significantly increasing attorneys' fees, costs and expenses.

There is ample reason and authority to support this Court sanctioning Plaintiff and his counsel, and the Court should enter an award to compensate Defendants for their attorneys' fees, costs and expenses to defend against Plaintiff's frivolous action and to make this motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court grant their motion to dismiss Plaintiff's Complaint and for sanctions, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 7, 2024

**SILLS CUMMIS & GROSS P.C.**

*/s/ Mitchell D. Haddad*
Mitchell D. Haddad, Esq.
Randy Moonan, Esq.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone: (212) 643-7000
Facsimile: (212) 643-6500
mhaddad@sillscummis.com
rmoonan@sillscummis.com

*Attorneys for Defendants*
*Sills Cummis & Gross P.C. and Joshua N. Howley*