UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joel Greenfield,

*Plaintiff,*

v.

SILLS CUMMIS & GROSS P.C. and JOSHUA N. HOWLEY,

*Defendants.*

Index: 24-CV-3384 (VSB)

**AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Levi Huebner of Levi Huebner & Associates PC, as attorney for Plaintiff, Joel Greenfield, states the following under the laws prohibiting perjury:

1. I make the within affirmation stating the facts for an order denying the motion to dismiss filed by Defendants.

**STATEMENT OF FACTS**

2. Joel Greenfield is a condominium owner with clear title to Unit A-9 of in the Waverly Development of the City of Monticello ("Plaintiff").

3. The Waverly Development was developed in two phases. Phase I owners consist of 34 condominium owners. Phase II owners consist of 31 condominium owners. They each jointly share an ownership interest in the common areas. At the time, this cause of action arose, the difference between the two Phases, Phase I owners have obtained a deed for their respective units, including a release of the mortgage on the entirety of the Waverly Development. At the time, Phase II owners were vendees in possession by way of contract and were unable to close due to material defects in the Waverly Development.[1]

[1] In a more recent development, Phase II owners closed and obtained title on their units.

4. Since the start, the condominium owners of both phases in the Waverly Development have been embroiled in litigation and arbitration proceedings against Elli Katz ("Katz"), the developer of Waverly Development, involving material defects in the development. Some of the litigation is embodied in the *Matter of Arbitration Between Kohn and Waverly Homes Dev. LLC*, 203 AD3d 1536 (3d Dept 2022), and *Yakov Markowitz et al v. Waverly Homes Development LLC,* E2019-2403 (Sullivan County).

5. Defendants represent Walkoff Holdings LLC ("Walkoff"), an alter ego of Katz.

6. As its name suggests, at some time in February 2021, Katz created Walkoff to become judgment proof from the condominium owners and "walk-off" without being held responsible for the liabilities. This Walkoff concept surfaced while the Katz and the condominium owners were attending arbitration before the Beis Din of the Rabbinical Council of America. When the weight of the evidence at the Beis Din was shifting in favor of the condominium owners, Katz began dogging the arbitration proceedings and creating various rebellious schemes.

7. Of these stumbling blocks, Walkoff assumed certain mortgages involving units in Phase II in the Waverly Development that are encumbered by a mortgage, and Walkoff began foreclosure proceedings against all the condominium owners, including Phase I owners, even though Phase I condominium owners are not encumbered by the mortgages of Phase II.

8. On December 13, 2022, Defendants were fully aware of the fact that Plaintiff does not owe any debt to Walkoff.

9. On December 13, 2022, Defendants were fully aware that Walkoff Holdings LLC had no mortgage or lien on Unit A-9.

10. On December 13, 2022, Defendants brought a Verified Foreclosure Complaint ("foreclosure") action against Plaintiff asserting that Unit A-9 is collateral to a promissory note involving the Waverly Development.

11. The foreclosure is captioned in the Supreme Court of New York in the County of Sullivan captioned in the Index No. E2022-2493 as *Walkoff Holdings LLC v. Waverly Homes Development LLC, Board Of Managers Of Waverly Gardens Development, Eli Katz, Chaya Padwa, Town Of Thompson, Village Of Monticello, Stern Bersh, L Vacation LLC, Baruch Mendlowich, Issac Czimet, Issac Triegar, Yitty Rivky Triegar, Mortgage Electronic Registration Systems, Inc., Loandepot.Com, LLC, David Fried, Chavi Fried, Joel Grinfeld, Henrique Fekete, The Federal Savings Bank, Simon Strulovic, Joseph Mendlowits, Chaya Mendlowits, Waverly Sf LLC, Waverly 15 LLC, Yecheil A. Klein, Mayer Ganzfried, Jacob Schwimmer, Chaya Schwimmer, Mayer Handler, Yehuda Kohn, Waverly Garden Unit LLC, Joseph Friedman, 25 Waverly Garden LLC, Joel Tyrnauer, Waive 27 LLC, Lipa Zicherman, Resamac LLC, Joseph Feder, Joseph Jacob, 52 Waverly LLC, 50 Waverly LLC, Simon Snitzer, Mordechai Green, Joel Freund, Joel Grinfeld, Samuel Reich, Joel Sofer, Benzion Strasser, Blimah Mndel, Aryeh Greenberg, Shmuel Wieder, Yakov Markowitz, Joel Parnes, Issac Adler, Naftali Schnitzler, Menachem Tauber, Berel Braver, Solomon Feder, David Rosenfeld, Solomon Schwartz, Moses Englander, Mordechai Retek, Moshe Weber, Moses Appel, And John Does And Jane Does 1-100, The last 100 names being fictitious and unknown to the plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the verified complaint*.

12. The foreclosure stated that Plaintiff's title to Unit A-9 is subject to a mortgage by J & J Capital Realty Associates LLC and sought to hold "all Defendants", including Plaintiff as

"barred and forever foreclosed of all right, title, lien, claim, use, and equity of redemption in and to any of the collateral securing the Loans, and in and to the fixtures and articles of personalty upon which the Mortgages are a lien attended to or used in connection with any of the collateral securing the Loans."

13. On December 13, 2022, Defendants filed a notice of pendency of foreclosure against Plaintiff's condominium.

14. This case seeks to redress the act of casting Plaintiff's title to Unit A-9 as subject to any debt of Walkoff Holdings LLC and filing a notice of pendency falsely casting Plaintiff's title as still being encumbered by a mortgage despite having previously received a release of the mortgage.

15. The notice of pendency called into doubt the validity of the release of the mortgage.

16. Originally, many of the Phase I owners were uncertain of their rights in responding to the foreclosure and filed an answer seeking discovery.

17. Eventually, during a quest for answers by the undersigned counsel, it became known that Defendants, when filing the foreclosure, were fully aware that Phase I owners are not subject to any mortgage affecting Phase II owners, and Defendants were fully aware that the mortgage affecting Phase II owners do not encumber the common areas. Thereafter, the Phase I owners who are LLCs moved for sanctions against Defendants in the foreclosure.

18. On October 13, 2023, by the State Court in the foreclosure holding:

This action should never have been commenced against defendants L Vacation LLC, Waverly SF LLC, Waverly 15 LLC, Waverly Garden Unit LLC, 25 Waverly Garden LLC, Waive 27 LLC, 52 Waverly LLC and 50 Waverly LLC.[2]

Plaintiff's [Walkoff] argument that it sought to discontinue upon production of defendants' mortgage releases during discovery does not square with the provisions of its complaint noting that these same defendants had been released from their mortgage obligations. The court is satisfied beyond any doubt that plaintiff knew these defendants had been released when it filed suit. Moreover, plaintiff knew or should have known, since Real Property Law 339-i was last amended in in 1974, that it could not foreclose upon just defendants' interests in the common areas.

Plaintiff's claim, by its affirmation in opposition to defendants' cross-motion, that it acted out of "an abundance of caution, and as is common in a mortgage foreclosure action," by naming as defendants all parties with any connection to the development, is unpersuasive. An attempt to square plaintiff's knowing suit of persons with absolutely no liability and its assertion of acts taken with an abundance of caution would be undertaken in vain. Plaintiff cannot offer any satisfactory resolution of that incongruity.

Plaintiff's assertion that defendants somehow misunderstood its allegations against them raised by their own foreclosure complaint, flies in the face of its own prayers for relief and discounts the reasonable and logical anxiety occasioned by ordinary persons, particularly those who have responsibly repaid and satisfied their mortgage obligations, upon the filing of litigation against them. To paraphrase plaintiff out of an abundance of caution, the court notes that expenditure of attorney's fees and other litigation costs is a foreseeable consequence of a Iegally baseless lawsuit.

Nonetheless, and at the same time, the court is confounded at defendants' litigation strategy, particularly in opposing a motion that would achieve for them the termination of this action against them, consistent with the relief sought by their answer.

…

Frivolous conduct is conduct "completely without merit in law [that] cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," conduct that is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another." or conduct that "asserts material factual statements that are false." 22 NYSCRR 131-1.1.

[2] These corporations are condominium owners in Phase 1.

> The action against the instant defendants "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law." For their frivolous conduct. counsel for plaintiff, not plaintiff, is to pay reasonable attorney's fees. The court fixes the amount of such fees at $2500, to be paid within thirty days hereof to counsel for defendants.
>
> The court need not await an affirmation of services, as any fees and costs in excess of $2500 incurred by defendants resulted from the unreasonable decision of their counsel to withhold a motion to dismiss and the unreasonable decision of defendants' counsel to engage in his own brand of frivolous conduct. 22 NYSCRR 131-l.l(2).

## PROCEDURAL HISTORY

19. On December 12, 2023, twenty-eight (28) of the Phase 1 owners filed identical lawsuits in State Court, in anticipation of consolidating them in the State Court. The purpose of filing separate lawsuits is that each Phase 1 owner seeks his or her own judgment in its own name.

20. Plaintiff's summons and notice in the Supreme Court of New York, for the County of New York.[3]

---

[3] The identical lawsuits for each unit are: A-2 — *Bersh Stern v. Sills Cummis & Gross P.C., Joshua N. Howley* (162077/2023); A-4 — *L Vacation LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162137/2023); A-5 — *Baruch Mendlowich v. Sills Cummis & Gross P.C., Joshua N. Howley* (162138/2023); A-6 — *Issac Czimet v. Sills Cummis & Gross P.C., Joshua N. Howley* (162139/2023); A-7 — *Issac Triegar Joshua N. Howley v. Sills Cummis & Gross P.C., Joshua N. Howley* (162140/2023); A-8 — *David Fried, Chavi Fried v. Sills Cummis & Gross P.C., Joshua N. Howley* (162141/2023); A-9 — *Joel Greenfield v. Sills Cummis & Gross P.C., Joshua N. Howley* (162142/2023); A-10 — *Henrique Fekete v. Sills Cummis & Gross P.C., Joshua N. Howley* (162143/2023); A-12 — *Simon Strulovic v. Sills Cummis & Gross P.C., Joshua N. Howley* (162168/2023); A-13 — *Joseph Mendlowits and Chaya Mendlowits v. Sills Cummis & Gross P.C., Joshua N. Howley* (162169/2023)); A-14 — *Waverly SF LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162171/2023); A-15 — *Waverly 15 LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162172/2023); A-16 — *Yechiel A. Klein v. Sills Cummis & Gross P.C., Joshua N. Howley* (162174/2023); A-17 — *Mayer Ganzfried v. Sills Cummis & Gross P.C., Joshua N. Howley* (162160/2023); A-19 — *Jacob Schwimmer, Chaya Schwimmer v. Sills Cummis & Gross P.C., Joshua N. Howley* (162158/2023); A-20 — *Waverly Estates LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162157/2023); A-21 — *Mayer Handler* v. *Sills Cummis & Gross P.C., Joshua N. Howley* (162173/2023); A-22 — *Yehuda Kohn v. Sills Cummis & Gross P.C., Joshua N. Howley* (162156/2023); A-23 — *Waverly Garden Unit LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* 162155/2023); A-24 — *Joseph Friedman v. Sills Cummis & Gross P.C., Joshua N. Howley* (162144/2023); A-25 — *25 Waverly Garden LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162145/2023); A-26 — *Joel Tyrnauer v. Sills Cummis & Gross P.C., Joshua N. Howley* (162146/2023); A-27 — *Waive 27 LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162147/2023); A-28 — *Lipa Zicherman v. Sills Cummis & Gross P.C., Joshua N. Howley* (162148/2023); A-29 — *Joseph Feder v. Sills Cummis & Gross P.C., Joshua N. Howley* (162149/2023); A-32 — *Joseph Jacob v. Sills Cummis & Gross P.C., Joshua N. Howley* (162150/2023); A-33 — *52 Waverly LLC v. Sills Cummis & Gross P.C.,*

21. On April 17, 2024, the Defendants filed a "Demand for Complaint" in nine (9) cases, in each of the Phase 1 cases where a corporation is named as a Plaintiff.[4]

22. On May 2, 2024, the Defendants recorded a Notice of Removal of the State Case, in sixteen (16) cases, in each case where a Phase 1 owner is an individual named as the Plaintiff.[5]

23. Pursuant to 28 U.S.C.A. § 1447(c) this motion to remand is timely.

---

*Joshua N. Howley* (162151/2023); A-34 — *50 Waverly LLC v. Sills Cummis & Gross P.C., Joshua N. Howley*, (162152/2023).

[4] The following nine (9) complaints by unit number are in the State Court and the time to remove them to federal court has expired. A-4 — *L Vacation LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162137/2023); A-14 — *Waverly SF LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162171/2023); A-15 — *Waverly 15 LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162172/2023); A-20 — *Waverly Estates LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162157/2023); A-23 — *Waverly Garden Unit LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* 162155/2023); A-25 — *25 Waverly Garden LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162145/2023); A-26 — *Joel Tyrnauer v. Sills Cummis & Gross P.C., Joshua N. Howley* (162146/2023); A-27 — *Waive 27 LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162147/2023); A-33 — *52 Waverly LLC v. Sills Cummis & Gross P.C., Joshua N. Howley* (162151/2023) ; A-34 — *50 Waverly LLC v. Sills Cummis & Gross P.C., Joshua N. Howley*, (162152/2023).

[5] The following cases are before the Court in the federal forum. A-2 — *Bersh Stern v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03371); A-5 — *Baruch Mendlowich v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03364); A-6 — *Issac Czimet v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03379); A-7 —*Issac Triegar Joshua N. Howley v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03415); A-8 — *David Fried, Chavi Fried v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03375); A-9 — *Joel Greenfield v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03384); A-10 — *Henrique Fekete v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03378); A-12 — *Simon Strulovic v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03407); A-13 — *Joseph Mendlowits and Chaya Mendlowits v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03394); A-16 — *Yechiel A. Klein v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03410); A-17 — *Mayer Ganzfried v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03405); A-19 — *Jacob Schwimmer, Chaya Schwimmer v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03380); A-21 — *Mayer Handler v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03406); A-22 — *Yehuda Kohn v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03412); A-24 — *Joseph Friedman v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03389); A-26 — *Joel Tyrnauer v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03386); A-28 — *Lipa Zicherman v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03402); A-29 — *Joseph Feder v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03387); and A-32 — *Joseph Jacob v. Sills Cummis & Gross P.C. Joshua N. Howley* (SDNY 1:2024cv03391)

## ARGUMENTS

### I. THERE IS NO REQUIREMENT TO FILE AN AFFIDAVIT OF SERVICE WHERE THE SERVICE IS MADE PERSONALLY UPON THE CORPORATION.

24. Defendant Sills Cummis & Gross P.C. contends that the service of the summons and notice is defective because the Plaintiff did not file an affidavit of service. There is no requirement that a Plaintiff is required to file the affidavit of service when the Plaintiff served the corporation at the corporation's place of business by service upon a person authorized to accept service on behalf of the corporation.

25. Pursuant to § 311 Service on a corporation shall be made by delivering the process to an officer, director, or general agent, or cashier or assistant cashier (as defined in cases interpreting this law) or any other agent authorized by appointment or by law to receive service.

26. Moreover, the individual served at the office of the Defendant PC, held themselves out as person authorized to accept service on behalf of the Defendant PC. As such, Defendants cannot now contend otherwise.

### II. THE COURT CAN MOOT ANY CONTROVERSY SURROUNDING THE SERVICE OF THE SUMMONS AND NOTICE ON JOSHUA N. HOWLEY BY EXTENDING THE TIME TO SERVE.

27. The Defendants claim that Plaintiff did not complete service within 120 days. Rather than engaging in a lengthy discussion of how Defendants are wrong, it is respectfully submitted that the Court enter an order extending the time to file the affidavits of service.

28. There are two provisions, CPLR 306–b requiring that a summons and notice to be served within 120 days, and there is CPLR 308[2] providing the method for substitute service.

Both provisions are procedural, subject to an exercise of discretion by the Court to correct any defect.

29. On CPLR 306–b, "We note that a plaintiff who believes service was properly made has no incentive to move to extend the time to serve until after it has been found that service was, in fact, deficient." *State of New York Mtge. Agency v Braun*, 182 AD3d 63, 67 [2d Dept 2020]. "Inasmuch as no judgment was entered dismissing the action, the action was pending when the plaintiff moved to extend the time to serve with process." *JPMorgan Chase Bank, N.A. v Gluck*, 195 AD3d 904 [2d Dept 2021]. "Since no judgment had been entered dismissing the action, the action was still pending at the time the plaintiff moved pursuant to CPLR 306–b to extend the time for service, and the plaintiff was not foreclosed from seeking that relief." *Bayview Loan Servicing, LLC v Chaudhury*, 188 AD3d 1128 [2d Dept 2020].

30. On CPLR 308[2], the case law provides "Plaintiffs' failure to file affidavits of service with the clerk of the court within 20 days of service is a 'mere irregularity' rather than a jurisdictional defect and does not render the service of process a 'nullity'. *Gen. Ins. v. Leandre*, 224 A.D.3d 427, 428, 206 N.Y.S.3d 2, 4 (2024). "The failure to file proof of service [pursuant to CPLR 308] is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004." *Khan v. Hernandez*, 122 A.D.3d 802, 803–04, 996 N.Y.S.2d 667 (2014).

31. It is undisputed that Joshua N. Howley ("Howley") was served by substitute service before the 120 days expired. The only issue that Howley raises is that Plaintiff did not complete the second step of mailing the summons and notice and the third step of filing the affidavit of service before the 120 days were up. This issue regarding the mailing is easily resolved because the Plaintiff mailed a copy of the summons and notice prior to the expiration of the 120 days.

Attached as **Composite Exhibit A** is a true copy of the affirmations of service and the mailing envelope addressed to Joshua N. Howley, C/O SILLS CUMMIS & GROSS P.C. One Riverfront Plaza, Newark NJ 07102. Moreover, as exhibited by the affirmation of service dated May 20, 2024, and the attached envelope, see, Composite Exhibit A, a copy of the Summons & Notice was mailed to Joshua N. Howley on April 11, 2024, at his place of employment.

32. Moreover, the Defendant removed the within matter from State Court on or about May 2, 2024, and Plaintiff first appeared and filed his motion to Remand on or about May 17, 2024, as such, Plaintiff could no longer file the affidavits of service in State Court after May 2, 2024. Thus, the procedural irregularity of not filing the affidavit of service within 20 days is subject to the correction of a procedural irregularity.

33. Plaintiff has now filed the affirmation of service regarding Joshua N. Howley, evidencing that a copy of the Summons & Notice was mailed to Joshua N. Howley, on April 11, 2024, prior to expiration of the 120 days, see Composite Exhibit A. As such, as is the practice in state court, this Court can correct any issue with the service by granting an extension of time to consider the belatedly filed affirmation of service of the Summons and Notice as validly and timely filed nunc pro tunc.

34. Howley would suffer no prejudice with an extension of time nunc pro tunc for the belatedly filed affidavit of service of the Summons and Notice to be considered as valid, since Howley timely removed this case from State Court and interposed a pre-answer motion to dismiss. Whereas the Plaintiff would suffer prejudice if Howley is dismissed, where the statute of limitations could be invoked if this case needs to be refiled.

## III. THE STATUTE OF LIMITATIONS FOR ABUSE OF PROCESS DOES NOT BEGIN TO RUN UNTIL THE LAST LEGAL PROCEEDING IS CONCLUDED.

35. The Defendants contention that the claim for abuse of process is time barred must be rejected. For one, if the abuse of process is calculated from the time Defendants filed the troublesome foreclosure action together with the notice of pendency, that would be December 13, 2022, and the instant summons and notice commencing this action was filed on December 13, 2023.

36. For the same reason, the Defendants arguments that the statute of limitations for the FDCPA has run is unavailing, as the summons and notice were filed before the statute of limitations expired. See FRCP Rule 6(a)(1)(A) "When the period is stated in days or a longer unit of time: exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A)

37. Nonetheless, a claim for "abuse of process do not accrue until the underlying action which is the basis for the claim is terminated in the plaintiff's favor by dismissal." *Agoliati v. Block 865 Lot 300 LLC*, No. 19CV5477WFKTAM, 2023 WL 8014828, at *15 (E.D.N.Y. Nov. 17, 2023), report and recommendation adopted sub nom. *Agoliati v. Block 856 Lot 300 LLC*, No. 19CV5477WFKTAM, 2023 WL 8618234 (E.D.N.Y. Dec. 13, 2023).

38. The troublesome complaint together with the notice of pendency were dismissed June 23, 2023. Attached as **Exhibit B** is a true copy of the order dismissing the troublesome complaint together with the notice of pendency. Until the dismissal was entered, the injury against Plaintiff was ongoing, as the troublesome complaint together with its notice of pendency deprived Plaintiff from obtaining financing on his/her/their condominium unit. Moreover, the Defendants did not know about the troublesome complaint together with the notice of pendency until March

2023, when one of the Phase I Plaintiff(s) attempted to obtain financing. As a direct result, the Defendants arguments that this action filed December 13, 2023, is time barred is frivolous.

## IV. THE COMPLAINT STATES A CLAIM FOR ABUSE OF PROCESS.

39. Defendants seems to struggle to understand what kind of damages it caused to Plaintiff(s) by inculpating the Plaintiff into a frivolous foreclosure and then attaching a notice of pendency on Plaintiff's condominium unit.

40. "The elements of a cause of action alleging abuse of process are: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" *Hughes v. Vento*, 226 A.D.3d 753, 754, 209 N.Y.S.3d 482, 484 (2024).

41. The Plaintiff(s) when obtaining title to their units, the commons areas and the given unit was released from the mortgage. This release was filed with the County Clerk, allowing Plaintiff's condominium unit to be free and clear from any encumbrances.

42. The complaint alleges the damages that the troublesome complaint together with the notice of pendency, is alleged to have caused the "casting [of] Plaintiff's title to Unit A-9 as subject to any debt of Walkoff Holdings LLC" and the "filing a notice of pendency falsely cast Plaintiff's title as still being encumbered by a mortgage despite having previously received a release of the mortgage." (Complaint ¶ 18). "The foreclosure followed by the notice of pendency called into doubt the validity of the release of the mortgage." (Id ¶ 19).

43. The complaint also alleges the perverted manner to obtain a collateral objective that "All relevant times, the acts giving rise to this action occurred and accrued were directed to obtain an unjust collateral advantage against Plaintiff's property ownership in the Sullivan." (Id ¶ 4). The

efforts by Defendants were to enable Katz "to become judgment proof from the condominium owners and "walk-off" without being held responsible for the liabilities." (Id ¶ 10). "The Defendants had no basis for filing a notice of pendency on Plaintiff's condominium, except to misuse the process in a perverted manner to become judgment proof against the condominium owners." (Id ¶ 21). "The Defendants had no basis for filing a notice of pendency on Plaintiff's condominium, except to misuse the process in a perverted manner as a pressure tactic to have the Plaintiff force the condominium owners to give up litigating its differences with Eli Katz." (Id ¶ 22).

44. Instead of addressing the aforementioned well pleaded allegations, Defendants contend that "Looking beyond the fact that the Notice of Pendency expressly *excluded* and was not filed against Plaintiff's condominium unit, as well as Plaintiff's counsel's June 13, 2023 letter admitting the same, the Complaint fails to allege any facts showing that Defendants abused the Notice of Pendency *after* it was filed. This omission is fatal." (Defendants Memo, mot. Dism. p. 11).

45. Defendants do not address the factual elements pleaded in the complaint that the notice of pendency together with its troublesome complaint brought into doubt the validity of Plaintiff's release from the mortgage. Defendants acknowledge that Plaintiff's release from the mortgage was valid. Yet, Defendants do not address how a bona fide lender or purchaser for value looking at the release and the subsequent filing of a notice of pendency together with its troublesome complaint would not call into question the validity of the release.

## V. THE PLAINTIFF ADEQUATELY PLED A CLAIM FOR SLANDER OF TITLE.

46. "Slander of title," the Supreme Court noted, "long has been recognized as a common law cause of action." *TXO Prod. Corp. v. All. Res. Corp.,* 509 U.S. 443, 453, 113 S. Ct. 2711, 2717, 125 L. Ed. 2d 366 (1993). The elements are publishing a "false statement derogatory to respondents' title, had done so with 'malice,' and had caused special damages." *Id.*

47. "The elements of injurious falsehood are essentially identical to slander of title." *Johnson v. City of Rochester*, No. 21-CV-6683DGL, 2023 WL 8237560, at *12 (W.D.N.Y. Nov. 28, 2023). "The action for injurious falsehood lies when one publishes false and disparaging statements about another's property under circumstances which would lead a reasonable person to anticipate that damage might flow therefrom." *Id.* "The gravamen of an injurious falsehood action is a false and disparaging statement about another's property or directly damaging to one's pecuniary interests." *Id*. "Special damages are a necessary element of an action for injurious falsehood that must be pleaded with particularity." *Id.*

48. As stated above, Defendants cannot refute the factual elements pleaded in the complaint that the notice of pendency together with its troublesome complaint brought into doubt the validity of Plaintiff's release from the mortgage. Defendants acknowledge that Plaintiff's release from the mortgage was valid. Yet, Defendants do not address how a bona fide lender or purchaser for value looking at the release and the subsequent filing of a notice of pendency together with its troublesome complaint would not call into question the validity of the release.

49. Defendants cannot reasonably explain why it would file a notice of pendency on Plaintiff's condominium unit if the Plaintiff was not being sued in rem for a foreclosure. Defendants also cannot refute that the foreclosure action attempted to foreclose the common areas,

in violation of Real Property Law 339-i. The Defendants entangling Plaintiff's title in a foreclosure that was not actionable, Defendants committed the slander of title, to suggest that Plaintiff property is not free and clear from any encumbrances.

## VI. JUDICIARY LAW 487 CAN BE PREMISED ON A SINGLE EGREGIOUS ACT.

50. "Despite defendant's position otherwise, a plaintiff need not demonstrate a chronic pattern of delinquency to recover on a Judiciary Law § 487 action; on the contrary, a single egregious act, such as the one presented here, is sufficient." *Suzuki v. Greenberg*, 220 A.D.3d 604, 604–05, 198 N.Y.S.3d 683, 685 (2023), *leave to appeal denied*, 41 N.Y.3d 908, 234 N.E.3d 1057 (2024).

51. Likewise, as stated above, Defendants fail to acknowledge that their reckless disregard to the Phase I owners have created a false inference that the Plaintiff's unit is subject to an encumbrance of a mortgage and that the release Plaintiff obtained is uncertain. As a direct result, Defendants fail to acknowledge the deceit of their action with the foreclosure action. Even if the mere notice of pendency is considered a true statement, here the notice gave validity to the false assertion that the rights of the Phase I owners in the Waverly Development is subject to an encumbrance. That is deceit.

## VII. The FDCPA claim is valid

52. The complaint alleges that the "Plaintiff is a consumer within the meaning of 15 USCA § 1692a[3] in that the Defendants hassled Plaintiff to pay a debt that was not owed by Plaintiff." (Complaint ¶ 35).

53. Defendants attempt to argue that the mortgage it sought to foreclose is a "commercial mortgage" and is not a consumer debt. This argument fails to acknowledge two

crucial facts. First, the Plaintiff was not a party to the "commercial mortgage", so the collection arises from no debt at all. Second, when Plaintiff purchased the condominium unit and obtained a release from the "commercial mortgage", it is undisputed that Plaintiff purchased the unit as an individual, and thus the release converted the commercial mortgage into a personal debt, whereas, if Plaintiff were not released from the mortgage, the debt would be a personal liability of Plaintiff.

## VIII. THE DEFENDANTS HAS NO BASIS FOR SANCTIONS.

54. The Defendants are State court losers, as the State Court ruled that Defendants knew or should have known, since Real Property Law 339-i was last amended in 1974, that Walkoff could not foreclose upon just Plaintiff's interests in the common areas.

55. The Defendants liability and defenses, in part, arises from the State Court's order sanctioning them for inculpating the Phase 1 owners in the foreclosure. The fact that the State Court ruled that Defendants suing Phase I owners were a frivolous act, supports the notion that this action is not entirely without merit and uncolorable to be sanctionable.

## CONCLUSION

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter an Order denying Defendants motion to dismiss.

Dated: Brooklyn, NY
July 5, 2024

Levi Huebner & Associates, PC

/s/ Levi Huebner
By: Levi Huebner

488 Empire Blvd Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555

*Attorneys for Plaintiff*