UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL GREENFIELD,<br><br>Plaintiff,<br><br>-against-<br><br>SILLS CUMMIS & GROSS P.C. and JOSHUA N. HOWLEY,<br><br>Defendants. | Case No. 24-CV-03384 (VSB)<br><br>**Oral Argument Requested** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND FOR SANCTIONS**

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
(212) 643-7000

*Attorneys for Defendants Sills Cummis & Gross P.C. and Joshua N. Howley*

*Of Counsel:*

Mitchell D. Haddad, Esq.
Randy Moonan, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....1

ARGUMENT ....2

PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS (COUNT ONE) ....2

A. Plaintiff's Abuse of Process Claim is Barred by the Statute of Limitations ....2

B. Plaintiff Concedes the Notice of Pendency Was Not Abused After its Filing ....3

C. Plaintiff Concedes he Fails to Plead Two Elements of an Abuse of Process Claim ....4

PLAINTIFF FAILS TO STATE A CLAIM FOR SLANDER OF TITLE (COUNT TWO) ....4

PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF JUDICIARY LAW § 487 (COUNT THREE) ....5

PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA (COUNT IV) ....6

THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ....7

A. Service on Sills Cummis Was Defective ....7

B. Service on Howley Was Defective ....8

THE COURT SHOULD SANCTION PLAINTIFF AND HIS ATTORNEY ....10

CONCLUSION ....10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altowaiti v. Wolf*,
No. 18-CV-508 (ER), 2021 WL 2941753 (S.D.N.Y. July 12, 2021) ................................4, 5, 6

*Austrian Lance & Stewart, P.C. v. Rockefeller Ctr., Inc.*,
163 A.D.2d 125 (1st Dep't 1990) ..........................................................................................7

*Baity v. Kralik*,
51 F. Supp. 3d 414 (S.D.N.Y. 2014)......................................................................................3

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
No. 16-CV-7014 (VSB), 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ......................1, 4, 5, 6

*Cunningham v. State*,
53 N.Y.2d 851 (1981) ...........................................................................................................3

*Curiano v. Suozzi*,
63 N.Y.2d 113 (1984) ...........................................................................................................4

*Goldblatt v. 112 Duffy Ave. Corp.*,
186 A.D.2d 718 (2d Dep't 1992) ..........................................................................................3

*Hossain v. Fan Cab Corp.*,
57 A.D.3d 484 (2d Dep't 2008) ............................................................................................7

*Key Bank of N. New York v. Lake Placid Co.*,
103 A.D.2d 19 (3d Dep't 1984) ............................................................................................4

*Morales v. Los Cafetales Rest. Corp.*,
No. 21-CV-1868 (AMD) (RER), 2023 WL 375647 (E.D.N.Y. Jan. 3, 2023)...........................3

*Munoz v. Reyes*,
40 A.D.3d 1059 (2d Dep't 2007) ..........................................................................................9

*Paushok v. Ganbold*,
No. 21-964-CV, 2022 WL 1421844 (2d Cir. May 5, 2022) .....................................................7

*Pierre v. Grueso*,
219 A.D.3d 1535 (2d Dep't 2023)..........................................................................................9

*Purzak v. Long Island Hous. Servs.*,
149 A.D.3d 989 (2d Dept 2017) .........................................................................................8, 9

*Roth v. State Univ. of N.Y.*,
61 A.D.3d 476 (1st Dep't 2009) ....................3

*Saporito v. Branda*,
213 A.D.3d 588 (1st Dep't 2023) ....................6

*Shawe v. Elting*,
161 A.D.3d 585 (1st Dep't 2018) ....................6

*Strumwasser v. Zeiderman*,
102 A.D.3d 630 (1st Dep't 2013) ....................6

*Suziki v. Greenberg*,
220 A.D.3d 604 (1st Dep't 2023) ....................6

*Ticketmaster Corp. v. Lidsky*,
245 A.D.2d 142 (1st Dep't 1997) ....................6

*Wells Fargo Bank, N.A. v. Figueroa*,
171 A.D.3d 987 (2d Dep't 2019) ....................9

**Federal Statutes and Rules**

15 U.S.C. § 1692k ....................1

28 U.S.C. § 1927 ....................1

Federal Rules of Civil Procedure 12 ....................1

**State Statutes and Rules**

CPLR § 306-b ....................2, 8, 9

CPLR § 308 ....................8

CPLR § 311 ....................2, 7, 8

Judiciary Law § 487 ....................1, 5, 6

Defendants[1] respectfully submit this Reply Memorandum of Law in further support of their motion (i) to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2), (b)(5), and (b)(6) and (ii) for monetary sanctions against Plaintiff and its counsel, pursuant to 15 U.S.C. § 1692k(3) and 28 U.S.C. § 1927, respectively, and the Court's inherent powers.

## PRELIMINARY STATEMENT

"[S]ilence in [] opposition concedes Defendants' arguments." *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018). Plaintiff's opposition rests entirely on an attorney affirmation that fails to address – and therefore concedes – the arguments in Defendants' moving papers that demonstrate the Complaint's four claims should be dismissed.

Specifically, Plaintiff fails to address, and therefore concedes, Defendants' arguments that:

- The First Cause of Action (abuse of process) should be dismissed because the Complaint fails to allege facts showing that the Notice of Pendency was abused *after* it was filed, that Defendants acted with intent to cause harm, and that Plaintiff suffered actual damages based on the filing of the Notice of Pendency. *See* Defendants' Memorandum of Law ("Mov. Mem."), at 10–12.

- The Second Cause of Action (slander of title) should be dismissed because the Notice of Pendency – an undeniably true statement – cannot be the basis of a slander of title claim as a matter of law, the Complaint fails to allege facts showing that Defendants, as counsel of record in the Prior Foreclosure Action, acted with malice with respect to the Foreclosure Complaint or Notice of Pendency, and that Plaintiff suffered special damages resulting from any purported "false" statements. *Id.* at 12–14.

- The Third Cause of Action (violation of Judiciary Law § 487) should be dismissed because the Complaint contains no facts (much less pled with particularity) establishing Defendants' "intent" to deceive the state court and third parties in the

[1] Capitalized terms not defined herein have the meanings ascribed to them in Defendants' moving papers at ECF Nos. 13–15.

Prior Foreclosure Action, and that Plaintiff suffered an injury proximately caused by any "deceit." *Id.* at 15, 16.

- The Fourth Cause of Action (violation of FDCPA) should be dismissed because the Complaint fails to allege any facts showing that Plaintiff is a "consumer" or that Defendants are "debt collectors" (as defined in the FDCPA), and any FDCPA violation. *Id.* at 18–23.

On top of these substantive defects, the Court lacks personal jurisdiction over both Defendants. The recently filed Affirmations of Service attached to the Affirmation in Opposition to Defendants' Motion to Dismiss of Levi Huebner, Esq., dated July 5, 2024 ("Huebner Aff."), show Plaintiff purportedly served a Sills Cummis receptionist who is not within the class of permissible recipients for service of process on a corporation under CPLR § 311, and who stated that she would call someone who was authorized to accept process. Plaintiff also did not complete the mailing element of service of process on Howley within 120 days of commencement of the action, in violation of CPLR § 306-b.

## ARGUMENT

## POINT I

## PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS (COUNT ONE)

### A. Plaintiff's Abuse of Process Claim is Barred by the Statute of Limitations

Plaintiff admits that a claim for abuse of process is subject to a one-year Statute of Limitations. Relying on cases from New York State intermediary appellate courts, Plaintiff argues, however, that such a claim does not accrue until the underlying action is terminated. Huebner Aff. ¶ 37.[2] The New York Court of Appeals, however, has long held that "the accrual

[2] The Court should disregard all legal arguments in the Huebner Aff. Local Rule 7.1 provides that all motions "shall include" a memorandum of law "setting forth the cases and other authorities relied upon in support of the motion." Courts in this Circuit routinely ignore legal arguments made in attorney affirmations as violating the mandate in Local Rule 7.1. *See, e.g.*,

of a cause of action for abuse of process need not await the termination of an action in claimant's favor." *Cunningham v. State*, 53 N.Y.2d 851, 853 (1981) (citing *Keller v. Butler*, 246 N.Y. 249 (1927)); *see also Okocha v. HSBC Bank USA*, N.A., 700 F. Supp. 2d 369, 378 (S.D.N.Y. 2010). Plaintiff's abuse of process claim – filed seventeen months after the Foreclosure Complaint and Notice of Pendency were filed in the Prior Foreclosure Action – is thus time-barred.

Plaintiff further argues that even if the claim accrued when the pleadings were filed in the Prior Foreclosure Action, the claim is timely because the Summons with Notice was filed on the last day of that one-year limitations period. Huebner Aff. ¶ 35. However, the Summons with Notice makes no mention of an abuse of process claim and placed Defendants on notice of only two claims – slander of title and violation of the FDCPA. Because the Summons with Notice did not reasonably give Defendants notice that Plaintiff intended to assert an abuse of process claim, it cannot serve as the vehicle by which to toll the running of the one-year limitations period. *See, e.g.*, *Roth v. State Univ. of N.Y.*, 61 A.D.3d 476, 476–77 (1st Dep't 2009).

## B. Plaintiff Concedes the Notice of Pendency Was Not Abused After its Filing

Defendants' Mov. Mem. at 10–11 shows that Plaintiff's abuse of process claim fails because the Complaint alleges no facts showing that the Notice of Pendency was abused *after* it was filed. *See Goldblatt v. 112 Duffy Ave. Corp.*, 186 A.D.2d 718, 719 (2d Dep't 1992) ("[T]he plaintiff's notice of pendency was properly filed in the context of this action and the appellants alleged no abuse of the notice of pendency after it was filed. They have therefore failed to plead a cause of action alleging abuse of process.").

The Huebner Aff. fails to address this dispositive argument, thereby conceding its

---

*Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD) (RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419–20 (S.D.N.Y. 2014).

validity, and the claim should therefore be dismissed. *Altowaiti v. Wolf*, No. 18-CV-508 (ER), 2021 WL 2941753, at *4 (S.D.N.Y. July 12, 2021) ("[N]umerous courts in this District have held that a plaintiff's failure to address an issue in an opposition to a Rule 12(b)(6) motion 'amounts to a concession or waiver of the argument.'"); *Cole*, 2018 WL 4680989, at *7.

**C. Plaintiff Concedes he Fails to Plead Two Elements of an Abuse of Process Claim**

The Mov. Mem. at 11–12 shows that Plaintiff failed to plead two key elements of an abuse of process claim — that Defendants acted with intent to cause harm and that Plaintiff suffered actual damages because of the filing of the Notice of Pendency. *See Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984) (intent to do harm without excuse or justification is an element of abuse of process claim); *Key Bank of N. New York v. Lake Placid Co.*, 103 A.D.2d 19, 26 (3d Dep't 1984) (plaintiff must plead actual or special damages.) The Huebner Aff. fails to address these defects, thereby conceding their validity, and requiring dismissal of this claim. *Wolf*, 2021 WL 2941753, at *4; *Cole*, 2018 WL 4680989, at *7.

**POINT II**

**PLAINTIFF FAILS TO STATE A CLAIM FOR SLANDER OF TITLE (COUNT TWO)**

The Mov. Mem. at 12–13 shows that the Notice of Pendency is an "undeniably true statement" and cannot "give rise to a cause of action for slander of title" as a matter of law. The Huebner Aff. fails to address this argument, thereby conceding its validity, requiring dismissal of the claim on this ground. *Wolf*, 2021 WL 2941753, at *4; *Cole*, 2018 WL 4680989, at *7.

In addition, the Mov. Mem. at 13–14 shows that Plaintiff's slander of title claim is defective because the Complaint does not allege facts showing that Defendants acted with malice in making any statement in the Foreclosure Complaint or Notice of Pendency or that Plaintiff suffered any special damages resulting from the purportedly false statements. The Huebner Aff. fails to address these arguments, thereby conceding their validity, requiring dismissal of the

claim on these grounds as well. *Id*

Finally, while ¶ 48 of the Huebner Aff. parrots the Complaint's conclusory allegation that the Foreclosure Complaint "brought into doubt the validity of Plaintiff's release from the mortgage," the Foreclosure Complaint and Notice of Pendency squarely contradict this allegation: they specifically *excluded* Plaintiff's condominium unit from foreclosure and the liens of the mortgages. *See* Mov. Mem. at 13. Plaintiff ignores this dispositive evidence.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF JUDICIARY LAW § 487 (COUNT THREE)

The Mov. Mem. at 15–16 shows that the Complaint fails to plead facts, with the requisite particularity, establishing Defendants' "intent" to deceive the state court and third parties in the Prior Foreclosure Action and that Plaintiff suffered an injury proximately caused by the deceit. The Huebner Aff. fails to address these arguments, thus conceding their validity, and the claim should therefore be dismissed. *Wolf*, 2021 WL 2941753, at *4; *Cole*, 2018 WL 4680989, at *7.

Plaintiff nevertheless contends that "Defendants fail to acknowledge that their reckless disregard to the Phase I owners have [sic] created a false inference that the Plaintiff's unit is subject to an encumbrance of a mortgage and that the release Plaintiff obtained is uncertain." Huebner Aff. ¶ 51. However, the documentary evidence – which Plaintiff ignores – demonstrates there was no "deceit." The Foreclosure Complaint and the Notice of Pendency state that Plaintiff's condominium unit was *excluded* from foreclosure. *See* Haddad Decl., Exhibit A, at 23, ¶ 89; Exhibit B, at 1, 3. Plaintiff's own counsel's June 13, 2023 letter explicitly admits that the Notice of Pendency "excludes" his clients, including Plaintiff, "as does the caption of the summons and complaint." *See* Haddad Decl., Exhibit C, at 1. There was no

"deceit." Plaintiff fails to state a claim.[3]

**POINT IV**

**PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA (COUNT IV)**

The Mov. Mem. at 18–23 shows that the Complaint's FDCPA claim should be dismissed because it fails to allege facts showing that Plaintiff was a "consumer" and that Defendants are "debt collectors" under the FDCPA, and that Defendants engaged in any act or omission in violation of the FDCPA. Other than repeating the Complaint's conclusory allegation that Plaintiff "is a consumer" within the meaning of the FDCPA (Huebner Aff. ¶ 52), Plaintiff fails to address these dispositive arguments, thereby conceding their validity, and the claim should therefore be dismissed. *Wolf*, 2021 WL 2941753, at *4; *Cole*, 2018 WL 4680989, at *7.

In response to Defendants showing that the FDCPA does not even apply because the Prior Foreclosure Action concerned a commercial loan, Plaintiff posits the non-sensical argument that "the release converted the commercial mortgage into a personal debt." Huebner Aff. ¶ 53. However, the Complaint does not allege that Plaintiff was a party to a consumer transaction or that he executed any note, mortgage, or other consumer loan or credit documents,

---

[3] Relying on *Suziki v. Greenberg*, 220 A.D.3d 604 (1st Dep't 2023), *leave to appeal den.* 41 N.Y.3d 908 (2024), Plaintiff argues that a Judiciary Law § 487 violation can be based on a single act of deceit, contrary to the First Department's holdings in *Strumwasser v. Zeiderman*, 102 A.D.3d 630, 631 (1st Dep't 2013); *Saporito v. Branda*, 213 A.D.3d 588, 589 (1st Dep't 2023); and *Shawe v. Elting*, 161 A.D.3d 585, 588 (1st Dep't 2018). However, in *Suziki*, plaintiff established that defendant's counsel engaged in a pattern of deceit by deliberately failing to apprise the court of correct custodial information, submitting a false affidavit and an outdated judgment of divorce to the courts, and presenting an order to show cause to hold plaintiff in contempt based on the custody provision of the outdated judgment. Here, at most, Plaintiff is alleging that Defendants made unfounded allegations in a pleading, which does not provide a basis for liability under Judiciary Law § 487. *See Ticketmaster Corp. v. Lidsky*, 245 A.D.2d 142, 143 (1st Dep't 1997).

or that he was a party to any alleged consumer-related debt.

In addition, the underlying transaction that gave rise to the Prior Foreclosure Action, on which Plaintiff's FDCPA claim is based, explicitly states that "[t]his loan is a *business loan given for an exclusively business purpose*" and that the corporate "Borrower certified that . . . [f]unds being borrowed are not for personal, household or medical purposes and are used exclusively for business purposes." Haddad Decl., Exhibit A annexed to Exhibit A, ¶¶ 38, 39. The Foreclosure Complaint and its exhibits (the commercial note and mortgage) also show that the lender in the Prior Foreclosure Action was seeking to foreclose on a commercial loan to which Plaintiff was not a party. *See* Haddad Decl., Exhibit A.

Plaintiff's FDCPA claim concerns a commercial loan transaction and should be dismissed. *Paushok v. Ganbold*, No. 21-964-CV, 2022 WL 1421844, at *2 (2d Cir. May 5, 2022).

## POINT V

## THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

### A. Service on Sills Cummis Was Defective

CPLR § 311(a)(1) provides that personal service upon a corporation shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Service of process on a receptionist of a corporate defendant, who does not have supervisory or other authority to accept service of process on the corporate defendant's behalf, is defective as a matter of law. *See e.g.*, *Hossain v. Fan Cab Corp.*, 57 A.D.3d 484, 485 (2d Dep't 2008); *Austrian Lance & Stewart, P.C. v. Rockefeller Ctr., Inc.*, 163 A.D.2d 125, 126–29 (1st Dep't 1990).

Plaintiff's attorney did not perform the service and has no personal knowledge. Yet he

conclusory asserts that "the individual served at the office of the Defendant PC, held themselves out as person [sic] authorized to accept service on behalf of the Defendants PC." Huebner Aff. ¶ 26. However, the May 20, 2024 Affirmation of Service (ECF No. 23-1, at 3) states that the receptionist said she would call someone authorized to accept service, and that five minutes later, the process server (Mr. Katz) handed an envelope to the receptionist. *Id.* The Affirmation of Service shows that the receptionist said she was not authorized to accept service, and therefore, Plaintiff's failure to comply with the strictures of CPLR § 311(a)(1) requires the dismissal of the Complaint against Sills Cummis for lack of personal jurisdiction.

**B. <u>Service on Howley Was Defective</u>**

The May 17, 2024 Affirmation of Service for Howley (ECF No. 23-1, at 1) confirms that Plaintiff failed to both deliver *and* mail the Summons with Notice within 120 days of the commencement of this action, as mandated under CPLR § 306-b, thereby depriving the Court of personal jurisdiction over Howley. *See Purzak v. Long Island Hous. Servs.*, 149 A.D.3d 989, 992 (2d Dept 2017).[4]

---

[4] Plaintiff confusingly asserts that "[t]his issue regarding the mailing is easily resolved because the Plaintiff mailed a copy of the summons and notice prior to the expiration of the 120 days." Huebner Aff. ¶ 31. However, the May 17, 2024 Affirmation of Service for Howley shows the Summons with Notice purportedly was mailed to his residence on April 28, 2024 (ECF No. 23-1, at 1), or 137 days after the action was commenced. The May 20, 2024 Affirmation of Service for Sills Cummis references a mailing on April 11, 2024 to "Joshua N. Howley, C/O SILLS CUMMIS & GROSS P.C" and sent to Sills Cummis' Office at One Riverfront Plaza, Newark, NJ 07102. ECF No. 23-1, at 3. This mailing was made in connection with service on Sills Cummis, not Howley individually. If Plaintiff had truly mailed the Summons with Notice on April 11, 2024 to Howley individually, then this mailing surely would have been referenced in the May 17, 2024 Affirmation of Service for Howley, and Plaintiff would not have made a second mailing to Howley seventeen days later to his residence on April 28, 2024. There is also a serious question as to whether Mr. Katz actually performed the April 11th mailing to Sills Cummis and whether it was performed in New York State as required by CPLR § 308(2), given that the picture of the envelope attached to the May 20, 2024 Affirmation of Service for Sills Cummis has no U.S. Postal Service postmarks, has computer printed stamps

Plaintiff contends that service of process is a mere "procedural" issue, and that if service was not completed within 120 days, then the Court can enter an order "extending the time to file the affidavits of service." Huebner Aff. ¶ 27, 28. However, CPLR § 306-b compliance deals with the Court's personal jurisdiction over a defendant. *See Purzak*, 149 A.D.3d at 992; *Munoz v. Reyes*, 40 A.D.3d 1059, 1059 (2d Dep't 2007). Moreover, an extension will only be granted, if at all, "upon good cause shown or in the interest of justice." *Pierre v. Grueso*, 219 A.D.3d 1535, 1535 (2d Dep't 2023). "Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service." *Id.* Interest of justice considerations include "diligence, or lack thereof . . . the length of delay in service, the promptness of a plaintiff's request for the extension of time." *Id.* at 1536.

Here, Plaintiff made no effort to complete service on Howley within the 120-day period. Plaintiff waited until the penultimate day of the 120-day period to deliver the Summons with Notice to Howley's residence and waited another seventeen days to purportedly perform the mailing. Plaintiff offers no justification for his untimely service on Howley and failure to make any request for an extension of time to complete service. Plaintiff has therefore failed to demonstrate that good cause exists or that the interest of justice requires the Court to grant Plaintiff an extension of time to complete the untimely service. *Id.* (denying motion to extend time to serve defendants, noting plaintiff failed to make reasonably diligent efforts at service and "failed to offer any excuse for her delay in making a motion to extend the time for service"); *Wells Fargo Bank, N.A. v. Figueroa*, 171 A.D.3d 987, 989 (2d Dep't 2019).

---

from 2020, and the Affirmation of Service contains no facts about where and in what state the "mailing" was performed. *See* ECF No. 23-1, at 3, 5.

**POINT VI**

**THE COURT SHOULD SANCTION PLAINTIFF AND HIS ATTORNEY**

The Complaint's allegations and claims completely lack merit and are contradicted by the Foreclosure Complaint, the Notice of Pendency, and Plaintiff's counsel's own admissions in the Prior Foreclosure Action. Plaintiff's opposition ignores these facts, and the arguments in the Mov. Mem., thereby conceding the point. Plaintiff's argument that this action cannot be considered without merit because Sills Cummis was sanctioned in the Prior Foreclosure Action is baseless. Notwithstanding Plaintiff's myopic reading of the state court order and the fact that Mr. Huebner was sanctioned as well, Plaintiff cannot escape the fact that his Complaint and claims have no basis in fact or law and that his counsel filed 28 individual lawsuits containing identical facts and claims, forcing Defendants to litigate each action independently and vexatiously multiplying the proceedings. Sanctions are warranted. *See* Mov. Mem. at 23–25.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that the Court grant their motion, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 22, 2024

**SILLS CUMMIS & GROSS P.C.**

*/s/ Mitchell D. Haddad*

Mitchell D. Haddad, Esq.
Randy Moonan, Esq.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone: (212) 643-7000
Facsimile: (212) 643-6500
mhaddad@sillscummis.com
rmoonan@sillscummis.com

*Attorneys for Defendants*
*Sills Cummis & Gross P.C. and Joshua N. Howley*